OTTO AMBROZ, by his next friend, FRANK AMBROZ, v. CEDAR RAPIDS ELECTRIC LIGHT AND POWER COMPANY, Appellant.

**Negligence:** TRESPASSERS: INSTRUCTIONS. Where plaintiff was injured by a blast of steam from the blow-off pipe at the rear of plaintiff's power house the evidence is held not to require a submission of the issue as to whether plaintiff was a trespasser at the time of the accident; especially as the court told the jury that defendant could not wantonly disregard the safety of persons it had reason to believe might be in danger from such act.

**Same:** WANTONNESS. It is not necessary to constitute a wanton indifference for the safety of those who might reasonably be anticipated to come into a place of danger that there be an intention to do an injury.

**Same.** It is not necessary to constitute a wanton disregard for others, that one should know of the presence of the particular person injured by coming in contact with a dangerous appliance maintained by him.

**Same:** CONTRIBUTORY NEGLIGENCE. The fact that plaintiff might reasonably be expected to know of the existence of a blow-off pipe would not charge him with knowledge that it might be used in such manner as to imperil his safety, and the question of his contributory negligence in approaching the same was therefore properly submitted to the jury.

*Appeal from Superior Court of Cedar .Rapids.*— HON. JAMES H. ROTHROCK, Judge.

THURSDAY, JULY 12, 1906.

ACTION to recover damages for personal injuries.    Verdict for plaintiff, and from judgment thereon the defendant appeals.    *Affirmed.*

*S. K. Tracy, W. E. Steele,* and *John A. Reed,* for appellant.

*Rickel, Crocker & Tourtellot* and *Joseph Mekota,* for appellee.

McCLAIN, C. J.— Defendant's power house is located in a portion of the city of Cedar Rapids devoted almost exclusively to railroad and manufacturing purposes.    At the rear of the plant and across the alley from it is an arm of a small, shallow lake, the shore of which has been filled out by defendant by the deposit of cinders taken from its boiler room.    Men and boys have been in the habit for many years of fishing along the bank of this arm of the lake, and workmen and others have been accustomed to pass and repass along the shore to such extent as to wear tracks in the cinders.    The blow-off pipe from defendant's boilers is extended under the alley and under the cinders forming the lake bank at this place, and has its opening near the water's edge.    Plaintiff, a boy of twelve years of age, with a companion of the same age, while engaged in fishing, was struck in the back by a blast of steam from this blow-off pipe and was severely injured, and this suit is to recover damages for such injury.

The principal complaint on the part of appellant is that the court failed to instruct the jury with reference to an issue as to whether plaintiff was a trespasser.    We find no evidence in the record which would have justified the jury in holding plaintiff to be a trespasser on defendant's premises at the place where he was injured.    It does not appear that defendant had title to the soil at the place of the accident, and the mere fact

1. NEGLIGENCE: trespassers: instructions.

that it had built out the shore of the lake at this point by depositing cinders, and was making use of the land thus built out between the alley and the lake would not, as it seems to us, render it unlawful for persons to go along the shore of the lake for purposes not involving any interference with such use of the made land by defendant as it was making in connection with its plant. The instruction of the court, given at the request of defendant, that defendant had the right to use and occupy the premises and to drive trespassers therefrom does not amount, as we think, to the announcement by the court as the law of the case of the conclusion that plaintiff was a trespasser in fishing along the shore of the lake.

However this may be, the court submitted the case to the jury on the theory that if they found defendant, through its agents and employés knew that men and boys were frequently, during the fishing season, engaged in fishing at the rear of the works and in the vicinity of the place where the blow-off pipe of defendant discharged, and knew that such persons were likely to be in the vicinity of the end of the pipe at any time during the day, and; notwithstanding such knowledge, without warning violently blew off the steam from its boilers through such pipe thereby injuring the plaintiff, and that this act of blowing off steam without warning was in wanton disregard of the safety of persons whom the defendant had reason to believe might be in the vicinity of the end of said pipe and be injured by reason of such discharge of steam, then they were to determine whether or not the defendant was negligent in causing the discharge of steam which injured the plaintiff without giving him warning. No objection is made to this instruction, and we think that it eliminates any question as to whether or not plaintiff was technically a trespasser, for even as to trespassers the defendant was charged with the duty of not wantonly disregarding their safety if it had reason to believe that they would be placed in danger by any action on its part. *Kinch-*

*low v. Midland Elevator Co.,* 57 Kan. 374 (46 Pac. 703);
1 Thompson, Negligence (2d Ed.), section 1030.   Even as
to persons technically trespassers, a landowner is liable for
permitting dangers to exist unguarded where persons are in
the habit of coming if he knows that they are likely to be
injured thereby.   *Penso v. McCormich,* 125 Ind. 116  (25
N. E. 156, 9 L. R. A. 313, 21 Am. St. Rep. 211); *City of
Pekin v. McMahon,* 154 Ill. 141  (39 N. E. 484, 27 L. R. A.
206, 45 Am. St. Rep. 114); *Bransom's Adm'r v. Labrot,* 81
Ky. 638  (50 Am. Rep. 193).

In such cases it has been said by this court that the
negligence must be wanton or must evince indifference as to
the safety of others.   *Gwynn v. Duffield,* 66 Iowa, 708.

2. SAME: wanton-
ness.

But to constitute the wantonness or indiffer-
ence which will render the act causing the in-
jury negligent as to such persons it is not
necessary that there be a design or intention to do injury.
*Jacksonville S. E. R. Co. v. Southworth* 135 Ill. 250  (25
N. E. 1093); *Redington v. Pacific Postal Tel. & C. Co.,* 107
Cal. 317 (40 Pac. 432, 48 Am. St. Rep. 132.)

The court instructed the jury that it was the wanton
disregard of the safety of persons whom the defendant had
reason to believe might be in the vicinity of the end of its
blow-off pipe that would constitute negligence.

3. SAME.

To constitute wantonness or indifference to the
safety of persons who might reasonably be expected to be in
a position where they would be injured by the sudden dis-
charge of steam from the blow-off pipe, it was not necessary
that defendant should have known of the presence of the
particular person injured, but it was sufficient if it had
knowledge that persons were likely to be in a position to be
injured if the steam was thus discharged without warning.
The case was properly submitted to the jury with reference
to defendant's liability.

Plaintiff's contributory negligence was also left to the
jury by a proper instruction.   The mere fact that he knew

or might reasonably be expected to know of the existence of the pipe by its projection from the bank would not charge him with knowledge that it might be used in such a way as to imperil his safety. The blow-off pipe was used not oftener than twice each day, and plaintiff had never before been in this locality. He was not warned in any way as to the use to which the pipe might be put, or that the place in front of the opening of the pipe was a dangerous place.

4. SAME: contributory negligence.

What we have said substantially disposes of all the errors assigned as to the admission or exclusion of testimony and as to the refusal of instructions asked.

Finding no error in the record, the judgment is *affirmed.*