## CORNUCOPIA GOLD MINES v. LOCKEN.

### No. 10918.

Circuit Court of Appeals, Ninth Circuit.

June 29, 1945.

Writ of Certiorari Denied Nov. 5, 1945.

See 66 S.Ct. 144.

James Arthur Powers, of Portland, Or., for appellant.

S. H. Burleigh and Henry L. Hess, both of La Grande, Or., for appellee.

Before GARRECHT and HEALY, Circuit Judges, and BOWEN, District Judge.

BOWEN, District Judge.

On May 20, 1942, the decedent, Anna Locken, was electrocuted by coming in contact with one of the wires of appellant's 2300-volt electric transmission line while she was walking in Red Jacket Canyon in the Wallowa Mountains near the town of Cornucopia, about fifty miles northeast of Baker, Oregon. This action, commenced in the State Court and, because of diversity of citizenship, removed to the Federal Court, was brought by decedent's widower on behalf of himself and the three minor children of decedent to recover damages for the wrongful death of decedent. The Court below, sitting without a jury, granted plaintiff judgment from which defendant appeals.

On the day of the accident, about 1 o'clock in the afternoon, the decedent, who was a visitor at her mother's home in Cornucopia, left Cornucopia with her mother to look for mushrooms. They walked along a generally travelled dirt road which extends about 1½ miles between Cornucopia and appellant's Union mine. This road crosses Red Jacket Canyon in close proximity to that Canyon crossing of appellant's transmission line more fully described later. About a quarter of a mile up the road from Cornucopia decedent's mother stopped to pile up stones to repair a ditch and divert a flow of water, but the decedent continued on up the road and disap-

peared from her mother's view. Afterwards her mother was unable to find her and enlisted the aid of a neighbor who was familiar with the country, and who, after one unsuccessful search, and after the lapse of several hours, finally found the decedent's lifeless body lying under the south wire of appellant's transmission line in a gully in Red Jacket Canyon about 250 feet from the road, where appellant's electric transmission line spans about 500 feet across the Canyon.

When the decedent's body was found the left hand clasped a paper bag and a small metal pipe, the fingers of the right hand were scorched and burned as if from contact with an energized electric wire, and the fallen or sagging electric transmission wire was about 4 inches above the body. The transmission wire near the body was resting on brush of size and color similar to those of the wire. Nearby there were spots where fires had started and burned out in the brush. Some of the brush was still smoking a little when the neighbor after locating decedent's body and unaware of the presence of the wire approached the place where the body lay, and his pants legs contacted the smoking brush and started the wire to buzzing. This was reported to the acting mines superintendent who shut off the power before the body was removed.

Appellant has a mine at Cornucopia where it operates a generating plant to supply electricity to that town and to its mine there, and about six years before the accident appellant installed, and at the time of the accident maintained, a 3-wire electric transmission line including the wire in question to transmit electricity from its Cornucopia generating plant to its Union Mine about 1½ miles farther up the mountain. For several months prior to the accident appellant's Cornucopia and Union mines were closed down, but its Cornucopia generating plant was kept operating to supply electricity to the town of Cornucopia and to keep the mine motors warm and free from moisture damage, and the transmission line to the Union mine was energized for the latter purpose on the day of the accident. No skilled line maintenance men or inspectors were then on duty and none had been retained for several months prior to the accident, although the mines' acting superintendent had as he passed along the road casually observed the transmission line about a week before the accident and

from time to time before that, but had not noticed anything wrong with the transmission wires.

By a pre-trial order superseding the pleadings the important questions reserved for the trial were (1) whether in maintaining its transmission line the appellant negligently caused decedent's death; (2) whether in coming in contact with the transmission line wire, decedent was contributorily negligent; (3) whether at the time decedent contacted the wire she was then on appellant's land; and (4) whether decedent was then a trespasser on defendant's land.

The trial judge from ample supporting evidence found that the road in question was a generally travelled dirt road; that some of the adjoining lands in the Canyon had been located as mining claims, some by appellant and some by other persons; that the boundaries of the claims had not been clearly marked nor by the evidence certainly established; that the lands in the Canyon near the road and the place where decedent was electrocuted had for many years been travelled and crossed by the public generally without objection from anyone; that no danger or warning signs had at the time of or prior to decedent's death been placed on or near any of the Canyon properties; and that the transmission wire fell and came to rest on brush and vegetation near the ground because of insufficient fastenings and supports which permitted the wire to part from its connections and fastenings at a supporting pole and come to rest on brush and vegetation near the ground.

The Court below rightly concluded that other persons as well as appellant owned land or mining claims in the Canyon under appellant's transmission line; that appellant knew or should have known that other persons had a right to, and did customarily, walk and travel on and across the lands in the Canyon under appellant's transmission line near where decedent was electrocuted; that owing to the condition of brush and vegetation surrounding the fallen wire, it virtually constituted a trap for any one walking or travelling in the Canyon, and that any reasonable person operating or maintaining a charged transmission wire which had fallen and was allowed to remain on such brush and vegetation would know that the wire would likely cause death or injury to anyone travelling in the

Canyon, irrespective of whose land was being traversed;

That appellant negligently caused decedent's death by constructing and maintaining a high-voltage transmission wire of materials with strength insufficient for self-support, with improper fastenings and supports, and without any safeguards to keep the wire from coming close to the ground if it came loose; by neglecting to properly replace, repair and maintain the wire and its connections and fastenings at and near its supporting poles, and by neglecting to install in the Canyon a sufficient number of wire supporting poles; by neglecting to properly patrol, and to provide a sufficient number of patrolmen to watch, the transmission line and report any broken or dangerous condition; by failing to learn and know of the fallen wire and by allowing it to remain down across the Canyon in the brush under the transmission line for an unreasonable length of time prior to decedent's death; by allowing the wire to part from its supports and remain near the ground so that anyone travelling in the Canyon near the wire would come in contact with it; and by neglecting to keep the ground under the transmission line cleared of brush and vegetation so that a broken or fallen transmission wire would remain visible and would not by such brush and vegetation become concealed from the view of those travelling in the Canyon;

That if the place where decedent came in contact with the wire was not on the mining claim of third parties such place was extremely close to the boundary line of appellant's mining claim and at most within a few feet of the boundary line between the mining claims of appellant and third parties; that decedent was lawfully walking in the Canyon near such boundary line between such mining claims of appellant and third parties when she was killed by coming in contact with appellant's fallen energized transmission wire; that in entering upon the lands at the place and time of the accident decedent was not a trespasser upon such lands; that she was not guilty of contributory negligence; and that her death was the proximate result of appellant's carelessness, negligence and recklessness outlined above.

 The trial judge because of insufficient evidence refused to find specifically whether or not decedent was on appellant's land when she came in contact with the transmission wire, and upon that refusal appellant at the argument before this Court based its strongest claim of error. It argues that that question must be determined first in order to know whether appellant owed to decedent any duty of care and contends that if decedent was a trespasser on appellant's property appellant owed no duty to decedent except to refrain from wilfully or wantonly injuring her. But the Court below found that decedent was lawfully at the place of the accident and was not a trespasser there regardless of who owned the property, and as to liability decided against appellant upon the apparent theory that under the facts and circumstances of this case appellant owed to decedent the duty of ordinary care which appellant negligently failed to exercise and thereby caused decedent's death. With such finding and decision we agree.

 Furthermore, aside from the specific facts proved in this case, we think it is common knowledge that miners, berry pickers, vacationers and others in pursuit of their business and pleasure customarily leave access roads and go at will upon and across nearby wild unfenced mountainous mining lands like those here in our own Northwest country, and that in so doing they are not usually regarded as trespassers by the owners of such lands. Likewise it is commonly known that high-voltage electric transmission lines while sagging or lying on or near the ground in wild mountainous mining country are dangerous to persons having occasion to be near them.

 We conclude that where as in this case the owner of such a transmission line wire negligently fails to inspect and repair it and allows it to become in disrepair and sag near and rest upon brush on the ground in wild unfenced mountainous mining country, so that one leaving a nearby road and walking near or over such transmission line would likely come in contact with it and be thereby injured, is guilty of reckless conduct and wanton negligence rendering the owner liable for resulting personal injury, whether or not the one injured was a technical or other kind of trespasser. This is in harmony with the general rule as stated in Restatement of the Law, 2 Torts, Section 335, pages 908–911, and in Clark v. Longview Public Service Co., 143 Wash. 319, 255 P. 380, and cases there cited.

Appellant strongly relies upon the Oregon case of Kesterson v. California-Oregon Power Co., 114 Or. 22, 228 P. 1092, but we

do not regard that case in point here because there both plaintiff and defendant were using defendant's power line right of way in their unrelated business operations pursuant to separate written licenses from a common grantor, and plaintiff in the course of his regular business, knowing of defendant's prior rights in the right of way and well knowing of the location thereon of defendant's power line, piled plaintiff's lumber 15 feet high on the right of way and the lumber was destroyed by fire caused by the falling thereon of defendant's power line. For that loss plaintiff was properly denied recovery. We know of no other Oregon decision controlling upon the case at bar.

Even if the finding, now desired by appellant, as to whether decedent was on appellant's land at the time of the accident had been made, it would not have changed the result. From that and all of the foregoing it follows that the Court below committed no reversible error in failing to find whether or not decedent was injured while on or while trespassing specifically upon appellant's land, and the judgment appealed from is affirmed.