VIRGIL WALTERS, Plaintiff, v. WILLIAM C. MARKWARDT, BLANCHE MARKWARDT, CROCKETT OIL COMPANY, a Missouri Corporation, and T. H. STITES, Defendants, No. 42051—237 S. W. (2d). 177.

Division One, March 12, 1951.

*Norman, Foulke & Warten* for appellant.

*Watson, Richart & Titus, Ray E. Watson, F. H. Richart* and *Rex Titus* for respondents William Markwardt and Blanche Markwardt; *Clarence T. Craig, Bond & Bond, Ray Bond* and *John S. Bond* for respondent Crockett Oil Company; *Orval Jewett* for respondent F. H. Stites.

[177]  HYDE, J.—Action for $10,000.00 damages for personal injuries.  Defendants filed separate motions to dismiss, on the ground that plaintiff's amended petition failed to state a claim upon which relief could be granted, which were sustained.  Plaintiff refused to plead further and has appealed from the judgment of dismissal.

The petition alleged that defendants, William C. and Blanche Markwardt owned certain real estate in Joplin leased to defendant [178] Crockett Oil and that defendant Stites was in physical posses-

sion of the premises operating a filling station thereon under an oral agreement with the Oil Company. Other material allegations of the petition are set out in plaintiff's brief, as follows:

"That on June 25, 1949, and for many years past, the north side of the premises in question, extending from the filling station building to the street line and to the north property line had been made into and was a driveway and walkway, with the surface thereof prepared and graveled to facilitate its use as a driveway and walkway and was much used by the public in general for many years to enter upon said premises and premises adjacent thereto.

"That on said date, and for many years past, there was located either within the limits of said driveway and walkway or in such proximity thereto as to render traveling thereon dangerous, an open pit about three feet in width and 20 feet in length and about 6 feet in depth, constructed of concrete, level with the surface of said driveway, without guard rails or lights.

"That said pit was a nuisance because of the inherently dangerous character of its construction and location; that the respondents Markwardts, as owners of the land, the respondent Crockett Oil Company, as lessee in constructive possession, and the respondent T. H. Stites, as tenant in actual possession under the Crockett Oil Company, were under a duty to take such steps as were necessary to prevent injury to the public by the said nuisance or to abate the same.

"That on June 25, 1949, and after sundown, the plaintiff walked along said pathway toward the public restroom on said premises, and in the darkness stepped into and fell to the bottom of said pit, inflicting upon plaintiff injuries as set out in the amended petition to plaintiff's damage in the sum of $10,000.00 for which he seeks judgment."

Plaintiff relies on A.L.I. Restatement of Torts, Sec. 367, which is as follows: "A possessor of land who so maintains a part thereof that he knows or should know that others will reasonably believe it to be public highway, is subject to liability for bodily harm caused to them while using such part as a highway, by his failure to exercise reasonable care to maintain it in a reasonably safe condition for travel."

Plaintiff also relies on Cooper v. Davis, 310 Mo. 629, 276 S. W. 54, where defendant railroad had on its right of way a platform of boards over a ditch, adjacent to a public sidewalk. The public used this platform as a short cut from the sidewalk to defendant's station platform. There were no guard rails at the ditch, either along the sidewalk or on the board platform. Plaintiff was injured by falling from the board platform into the ditch. In holding defendant liable we said: "The extension of the walk was not on the ground dedicated to the public as a street, but on the ground of the defendant. In extending the walk the defendant owed the duty to exercise or-

dinary care to make it reasonably safe to persons using it, or who came upon it in going to defendant's station as invitees. The defendant had the right to maintain the ditch thus next to or intersecting the sidewalk, or next to the extension, but, in doing so, it was under the duty to so guard it as to render it secure for persons using the sidewalk or using the extension which defendant provided, and this duty is not dependent upon how long the condition had existed.'' However, the appearance of the platform, as an extension of the sidewalk, was plain and its use as such was long recognized if not intended by the owner of the land.

A case more similar to this one is Porchey v. Kelling, 353 Mo. 1034, 185 S. W. (2d) 820, where the plaintiff fell into a grease pit of a filling·station at night while taking a ''short-cut'' between two public streets. It was there alleged that defendants had for eight years ''invited, suffered, permitted and consented to the public generally crossing over said premises as a 'short-cut' ''. We held there was no liability because the plaintiff, so using the premises for his own convenience, was not an invitee but ''occupied the legal [179] status of a 'licensee by acquiescence' or 'permissive licensee' ''. We further held that such a licensee ''takes the premises as he finds them''; and that the owner or occupier owes him no duty of warning or guarding but only not to injure him by some intentional wrong or active negligence.

Plaintiff seeks to distinguish this case on the theory of the Restatement citation that the facts here show an apparent extension of a public highway dedicated as such by defendants' maintenance of it so that they owed defendant the same duty as though it ''were actually a public highway''. However, the petition describes only the ordinary filling station premises and driveway, the purpose and use of which is a matter of common knowledge. Therefore, we do not think the Restatement citation can reasonably be applied to it, as misleading to the public and likely to be considered a public highway. Likewise, it is common knowledge that filling stations usually have grease pits and that it would impracticably interfere with their use to fence them. The allegation that the pit was a nuisance is a conclusion and is not supported by the facts alleged; such a pit is of great utility in the operation of a filling station and it is not claimed that it was located close to the public street or sidewalk.

Plaintiff also cites such cases as Rose v. Gunn Fruit Co., 201 Mo. App. 262, 211 S. W. 85; Cool v. Rohrbach (Mo. App.) 21 S. W. (2d) 919; Buesching v. St. Louis Gaslight Co., 73 Mo. 219; and Town of Newcastle v. Grubbs (Ind.) 86 N. E. 757, holding that an unguarded opening or excavation in or adjacent to a street or sidewalk constitutes a nuisance. However, we do not think these authorities fit the facts alleged in the petition. Here the pit was on private property away from the street. Plaintiff alleges nothing to show that he was

940

an invitee on the premises. He does not allege that he went on the premises as a customer or prospective customer of the filling station. In fact, he alleges that he went there in the darkness (on June 25th which is close to the longest day of the year) and does not state that the filling station was even open for business. Certainly persons are not usually invited to such premises when they are not open for business. While it is true that the petition stated the premises were graveled as a driveway and walkway and used by the public to enter upon the premises and premises adjacent thereto, even so under the facts stated, as held in the Porchey case, they would be using it for such purpose as licensees. Furthermore, plaintiff was not using it for that purpose but was going beyond such use to reach a rest room in the filling station building. Thus he was intentionally deviating from the driveway for his own purpose and not for any purpose or benefit of defendants. (See Overholt v. Vieths, 93 Mo. 422, 6 S. W. 74; Devine v. Heckman (Kan.) 245 Pac. 1037; Holifield v. Wigdor, 361 Mo. 636, 235 S. W. (2d) 564.) We must hold that the trial court properly sustained the motions to dismiss.

The judgment is affirmed. All concur.