**WORLEY v. UNITED STATES.**
Civ. A. No. 5336.

United States District Court,
D. Oregon.

Nov. 17, 1952.

Roberts, Kellington & Branchfield, Medford, Or., for plaintiff.

Henry L. Hess, U. S. Atty., Donald W. McEwen, Asst. U. S. Atty., Portland, Or., for defendant.

JAMES ALGER FEE, Chief Judge.

This action was commenced under the Federal Tort Claims Act to recover damages for personal injuries claimed to have been inflicted upon plaintiff by a poison ejecting device set by an employee of the Fish and Wild Life Service of the United States Department of the Interior. A pre-trial conference was held, and based thereon a definitive pre-trial order was prepared by the attorneys and signed by the Court. The action was then tried by the Court without a jury.

About March 1, 1949, a hunter employed by the United States, pursuant to a program of eradication of coyotes participated in by the State of Oregon and Douglas County also, set a device called a "coyote getter" upon waste and unfenced land belonging to Douglas County. This instrument, if tripped by a coyote or otherwise in a certain way, fires a shell and discharges a quantity of potassium cyanide, a poison lethal to humans as well as to coyotes.

Some days later, Worley, while hunting, found his dog had been attracted to some meat and, since he had understood government hunters were in the vicinity and assumed there were traps or poison there, seized the dog by the collar and attempted to drag him away. This action tripped the device, fired the shell and Worley received the potassium cyanide in his face and in his mouth. He received injuries to the eyes and to his chest as a result.

Worley had never theretofore seen a coyote getter and did not know how such devices operate, although he had heard of them. There were no signs to indicate that the instrument was in the vicinity, although the government had such signs and one was posted after the incident.

Defendant, as is the current fashion in all cases brought under the Act, claims that the Court has no jurisdiction because the setting of the coyote getter involved "the exercise or performance or failure to exercise or

perform a discretionary function or duty on the part of a federal agency or an employee of the government".[1] Actually, the claim is that a specified individual employee, Julius B. Schaffer, was negligent in placing the device under such circumstances that plaintiff was injured as a direct result thereof. The policy of using these instruments may well have been adopted in the exercise of executive discretion. But the setting of the particular trap under all the circumstances and conditions must be judged according to the standard of what a reasonable man would have done or failed to do.[2]

■ The Act states that the United States shall be liable in the same manner and to the same extent that a private individual would be liable under the same circumstances.[3] This requires, as has been noted heretofore, an inquiry into the law of the State of Oregon.[4] If Schaffer had been acting for himself, his liability would be judged under this law. No employment by the federal government confers on an officer or agent a right to act negligently or without regard to the rights of others. Specifically, such employment confers no sanctuary after the performance of acts forbidden by the criminal law of the state.

■ The use of the device was directly proscribed by the criminal statutes of the State of Oregon.[5] The setting, whether on the lands of the county or elsewhere, was a crime. More apposite to the situation here, the setting and use were negligence per se.[6] The Supreme Court of Oregon early held a device of this sort a nuisance[7] and has affirmed the position since that time.[8] The Court also finds the failure to post adequate warnings was negligent, irrespective of other circumstances. The accident was the proximate cause of the injury. The Court does not find that plaintiff contributed to the accident.

■ Nor is plaintiff precluded from recovering because he was upon lands

1. "The provisions of this chapter and section 1346(b) of this title shall not apply to—
"(a) Any claim * * * based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused." 28 U.S.C.A. § 2680(a).

2. It is to be noted that there are two groups of government agents or employees: (1) those with the discretionary function, and (2) those who perform the authorized function or duty after discretion has been exercised as to whether to undertake it. Acts of negligence of the former fall within the exception. However, the latter must exercise due care in carrying out the determinations made by those granted the discretionary function. In re Texas City Disaster Litigation, 5 Cir., 197 F.2d 771.

3. "The United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances, but shall not be liable for interest prior to judgment or for punitive damages." 28 U.S.C.A. § 2674.

4. 28 U.S.C.A. § 1346(b); Clark v. United States, D.C., 109 F.Supp. 213.

5. "It shall be unlawful for any person to place or set any loaded spring-gun or set-gun, or any gun or firearm or other device of any kind designed for containing or firing explosives in any place whatsoever where the same may be fired, exploded or discharged by the contact of any person or animal with any string, wire, rod, stick, spring or other contrivance affixed thereto or connected therewith or with the trigger thereof." Section 23–1201, O.C.L.A.

6. The Oregon courts adopt as substantive law the doctrine that an act constituting a violation of a criminal statute is negligence in and of itself, and where a member of a class which the statute was designed to protect has been injured thereby he may recover if that act was the proximate cause of the injury. Beaver v. Mason, Ehrman & Co., 73 Or. 36, 52–54, 143 P. 1000; Cameron v. Goree, 182 Or. 581, 595, 189 P.2d 596.

7. Hill v. President, etc., of Tualatin Academy and Pacific University, 61 Or. 190, 201, 121 P. 901.

8. Cf. Weis v. Allen, 147 Or. 670, 35 P.2d 478.

belonging to Douglas County.[9] It is agreed that this area was wild, rugged and uncultivated. It was not enclosed. In the West, it has been the custom from the days of the pioneers to permit unrestricted travel over unenclosed areas, even if in private ownership. The necessity for development of the country and the freedom of western manners relaxed the doctrines of the close and trespass vi et armis. In any event, here it is agreed that plaintiff was a licensee and therefore within the doctrine of the Oregon cases.

Recovery is allowed in the amount claimed.

9. Cornucopia Gold Mines v. Locken, 9 Cir., 150 F.2d 75.