Theodore P. CHAMPLIN, Appellant,

v.

Miles WALKER, Appellee.

No. 2-57498.

Supreme Court of Iowa.

Jan. 19, 1977.

Frank Jacobs of Davis, Jacobs & Gaul, David J. Blair and McQueen & Dandos, Sioux City, for appellant.

Robert E. Beebe of Kindig, Beebe, McCluhan, Rawlings & Nieland, Sioux City, for appellee.

Heard by MOORE, C. J., and MASON, UHLENHOPP, HARRIS and McCOR-MICK, JJ.

McCORMICK, Justice.

We must decide whether there was sufficient evidence in this case for the jury to find a landowner was guilty of wanton conduct toward a trespasser. The trial court held the evidence was not sufficient and sustained defendant landowner's motion for judgment notwithstanding a jury verdict for plaintiff. We affirm.

Plaintiff Theodore P. Champlin alleged in his petition that he sustained personal injuries and resulting damages when he fell into an unlighted and unguarded excavation on defendant Miles Walker's residential property in Sioux City at about 11:00 p.m. on September 30, 1971. The petition accused defendant of negligence in several particulars. In his answer, defendant denied the material allegations of the petition and alleged a defense of contributory negligence.

The case was tried to a jury. At the conclusion of plaintiff's evidence and at the conclusion of all the evidence defendant moved for a directed verdict, asserting plaintiff was as a matter of law a trespasser and had neither pled nor proven willful or wanton conduct by defendant. The trial court held plaintiff was a trespasser and the evidence was insufficient to show willful conduct by defendant. However, the court held a fact question existed on the issue of wantonness and accordingly refused to direct a verdict for defendant. The record does not show why the court submitted the case on a theory not pled by plaintiff, but defendant did not raise that issue and therefore we are not faced with it.

The jury returned a verdict for plaintiff, fixing his damages at $12,000. Defendant moved for judgment notwithstanding the verdict, contending the evidence was insufficient to show wantonness. The court sustained the motion and entered judgment for defendant. Plaintiff appeals.

Plaintiff contends the trial court erred in sustaining the motion for judgment notwithstanding the verdict and in refusing to submit the case on an ordinary negligence theory.

■ I. *Sufficiency of the evidence.* The court instructed the jury plaintiff could not recover unless he proved defendant's conduct was wanton. The court said "An act to be wanton is one that shows utter disregard of the safety of others who might reasonably be injured because of such act." Plaintiff did not object to this statement, and therefore it is the law of the case. *Business Ventures, Inc. v. Iowa City,* 234 N.W.2d 376, 383–384 (Iowa 1975); *Tarrell v. Erdmann,* 221 N.W.2d 504, 507 (Iowa 1974).

■ When considering defendant's motion for judgment notwithstanding the verdict the trial court was required to view the evidence in the light most favorable to plaintiff. In determining whether the court erred in sustaining the motion, we examine the evidence in the same manner. *Winter v. Honeggers' & Co., Inc.,* 215 N.W.2d 316, 321 (Iowa 1974).

We summarize the facts which the jury could have found were established by plaintiff. Defendant's home faced north on the northwest corner of a residential block in Sioux City. The home of Debbi Hanson

was located on property bounding defendant's south property line. Her home, which faced west, was about three feet south of the boundary. The entrances to the Hanson home were on its west and south, and its driveway was on the south side.

During the summer of 1971, defendant dug a trench on his property adjacent to its boundary with the Hanson property in order to put in a retaining wall. The closest point of the trench was about three feet northeast of the northeast corner of the Hanson home. The excavation was about seven feet long, four feet wide and seven feet deep. A steel rod extended about four feet from its bottom. The excavation was not lighted or guarded in any way. Because it was on his property, defendant did not believe he was obligated to cover it. He knew the Hanson children played in the vicinity.

Plaintiff was unaware of the excavation, which was not readily visible from the Hanson home. Plaintiff was visiting Hanson in the evening of September 30, 1971. After dark, at about 11:00 p.m., the Hanson dog began to growl in the vicinity of an east window. Plaintiff and another guest decided to investigate. Plaintiff left through the kitchen door on the south and the other man went out the front door to the west.

Plaintiff described what happened:

Well, I got up, and I opened the door, and shut it very quietly, and walked down the stairs, and around the house very quietly. And I heard something at that time so I started to run, and at that time I was heading north, and I was running, and I was looking, still kind of hard for me to see, and then I started to turn around the corner, I would then be going west, and I felt myself stumble, and I started to fall, and I put my hands down to catch myself and I continued to fall.

\*     \*     \*     \*     \*     \*

The next thing I can recall is bright lights and noise.

Plaintiff had fallen into defendant's trench and was seriously injured. He was rescued by firemen.

In contending this evidence was sufficient to show wanton conduct by defendant, plaintiff relies on three cases, *Ambroz v. Cedar Rapids Electric Light and Power Company*, 131 Iowa 336, 108 N.W. 540 (1906); *McKee v. Iowa Railway and Light Company*, 204 Iowa 44, 214 N.W. 564 (1927) and *Cornucopia Goldmines v. Locken*, 150 F.2d 75 (9 Cir. 1945), cert. denied, 326 U.S. 763, 66 S.Ct. 144, 90 L.Ed. 459 (1945). These cases are readily distinguishable.

In *Ambroz* the injured person was a 12-year-old boy who was injured by a blast of steam from a blow-off pipe at the rear of defendant's power house while fishing on the bank of a lake. The boy was not a trespasser. In addition, defendant knew people frequently fished in that location. This court held the evidence was sufficient to show wantonness:

To constitute wantonness or indifference to the safety of persons who might reasonably be expected to be in a position where they would be injured by the sudden discharge of steam from the blow-off pipe, it was not necessary that defendant should have known of the presence of the particular person injured, but it was sufficient if it had knowledge that persons were likely to be in a position to be injured if the steam was thus discharged without warning.

Defendant in the present case cannot reasonably be charged with similar knowledge. No evidence was adduced to show a person ignorant of his excavation would be likely to come near it in the dark. It was not near an area of regular pedestrian traffic. No question is presented regarding defendant's duty to trespassing children. Cf. *Rosenau v. City of Estherville*, 199 N.W.2d 125, 136–137 (Iowa 1972).

In *McKee* the defendant utility dug a hole in a pasture on farm property rented by plaintiff from another. Plaintiff was injured when he went to the pasture at night to get his cattle and fell in the unguarded and unlighted hole. Plaintiff was not a trespasser, and the case was held properly submitted on a theory of liability based on ordinary negligence.

In *Cornucopia* the owner of a high voltage electric line had allowed it to become in disrepair and rest on brush in open unfenced country near a road. The area was one frequented by miners, berry pickers, vacationers and others. The court upheld submission of the case because defendant could reasonably be charged with knowledge of the likelihood of injury to trespassers in the circumstances. See Restatement of Torts, 2d § 335.

Under the traditional common-law rule, a possessor of land owes no duty to a trespasser other than not to injure him willfully or wantonly, and to use reasonable care after his presence becomes known to avoid injuring him. *Rosenau v. City of Estherville*, 199 N.W.2d 125, 134–135 (Iowa 1972). Maintenance of an open hole which is not concealed other than by darkness has generally been held not to constitute wanton conduct within the meaning of this rule. *Margrabe v. Graves*, 97 So.2d 498 (Fla.App. 1957); *Baxley v. Williams Construction Co.*, 98 Ga.App. 662, 106 S.E.2d 799 (1958); *Hessler v. Cole*, 7 Ill.App.3d 902, 289 N.E.2d 204 (1972); *Dent v. Great Atlantic and Pacific Tea Company*, 4 Ill.App.2d 500, 124 N.E.2d 360 (1955); *Reardon v. Thompson*, 149 Mass. 267, 21 N.E. 369 (1889); *Walters v. Markwardt*, 361 Mo. 936, 237 S.W.2d 177 (1951); *Standiford v. Bernhardt*, 13 N.J.Super. 357, 80 A.2d 567 (1951); *Winter v. Mackner*, 68 Wash.2d 943, 416 P.2d 453 (1966).

The evidence in the present case does not warrant a finding that defendant showed utter disregard of the safety of others who might reasonably be injured because of his excavation. He cannot reasonably be charged with anticipating a likelihood that a trespasser would run onto that part of his property in the dark. Such eventuality was possible but not probable.

The court did not err in sustaining defendant's motion for judgment notwithstanding the verdict.

II. *The ordinary negligence claim.* In contending the case should have been submitted on an ordinary negligence theory, plaintiff relies on Restatement of Torts 2d § 334 which provides:

> A possessor of land who knows, or from facts within his knowledge should know, that trespassers constantly intrude upon a limited area thereof, is subject to liability for bodily harm there caused to them by his failure to carry on an activity involving a risk of death or serious bodily harm with reasonable care for their safety.

We do not reach the merits of this contention because plaintiff failed to urge it in the trial court.

He asserts he preserved error by requesting an instruction which would have authorized the jury to award him damages based on defendant's ordinary negligence. We reject this claim for two reasons. First, he did not except to the court's refusal of the requested instruction. This alone is sufficient to preclude consideration of his present contention. *State v. Baskin*, 220 N.W.2d 882, 886 (Iowa 1974). In addition, plaintiff's requested instruction would have authorized recovery for ordinary negligence only if the jury found he was an "unintentional" rather than an "intentional" trespasser. This theory differs from the one he now advances. In these circumstances we do not consider his present theory. *Burr v. Apex Concrete Co.*, 242 N.W.2d 272, 274 (Iowa 1976). We do not intimate that we would find it meritorious if we were to consider it.

Nor do we have any occasion from the assignments of error in this case to consider whether Restatement of Torts 2d § 370 was applicable or whether the traditional common-law limitation on a land possessor's duty to adult trespassers should be altered in this jurisdiction.

AFFIRMED.