# IN THE COURT OF APPEALS OF IOWA

No. 24-1066
Filed November 13, 2025

**GUARDIANSHIP OF NICOLAS R. ARAGON JR. and REGINA WARD,**
        Plaintiffs-Appellants,

**vs.**

**MIDAMERICAN ENERGY COMPANY and BLATTNER ENERGY, LLC.,**
        Defendants-Appellees.
_____

Appeal from the Iowa District Court for Polk County, David Nelmark (negligence) and Samantha Gronewald (breach of contract), Judges.


Nicolas Aragon Jr. and Regina Ward appeal a grant of summary judgment for the defendants. **AFFIRMED.**


Christopher Johnston of The Law Group of Iowa, A Johnston Martineau LLP, Windsor Heights, and Andrew B. Howie of Shindler, Anderson, Goplerud & Weese, P.C., West Des Moines, for appellants.

Michael S. Jones of Patterson Law Firm, L.L.P., Des Moines, for appellee MidAmerican Energy Company.

Mark E. Weinhardt, Danielle M. Shelton, and Jason R. Smith of the Weinhardt Law Firm, Des Moines, for appellee Blattner Energy, LLC.


Considered without oral argument by Greer, P.J., and Badding and Chicchelly, JJ.

**CHICCHELLY, Judge.**

Nicolas Aragon Jr.[1] and his mother, Regina Ward (collectively "the plaintiffs"), appeal a grant of summary judgment for the defendants. The plaintiffs allege the district court erred in dismissing (1) their negligence claim because Aragon was a trespasser and (2) the breach-of-contract claim because the plaintiffs did not have third-party beneficiary rights. Upon our review, we affirm the district court's grant of summary judgment.

## I.      Background Facts and Proceedings

On June 27, 2019, Aragon, who was a minor at the time, was a passenger in a car driven by his friend. They drove off the public road onto a private driveway in Adair County. The private driveway led to land leased by MidAmerican Energy for the construction of a wind turbine farm. MidAmerican had agreements with the county for the use of the road and with Blattner Energy for construction of the wind farm. The driveway and construction site were not open to the public, but no signage or fencing stopped the vehicle from accessing the land.

While on private property, Aragon stood up through the sunroof of the car while his friend continued to drive. Eventually, they drove into a wind turbine blade which lay on the ground. Because of the crash, Aragon's head hit the turbine causing him to be injured. Aragon and his friend did not have permission to be on the property where the accident occurred.

---

[1] Although an amended petition lists the plaintiffs as Guardianship of Nicolas R. Aragon Jr. and Regina Ward, the only reference to a guardianship in the district court's ruling and the parties' appellate briefs is in the case caption. Because it does not affect our analysis, we do not address this further.

Aragon and his mother filed this personal injury action for negligence, breach of contract, and loss of consortium. In September 2023, the district court granted summary judgment on the negligence claims finding Aragon was a trespasser as a matter of law. Then in June 2024, the district court granted summary judgment on the remaining claims finding the plaintiffs are not third-party beneficiaries of the agreement between MidAmerican and Blattner.

## II.     Standard of Review

We review the district court's summary judgment ruling for correction of errors at law. *Susie v. Fam. Health Care of Siouxland, P.L.C.*, 942 N.W.2d 333, 336 (Iowa 2020). "We view the facts in the light most favorable to the nonmoving party." *Id.* at 337. Grant of summary judgment is proper when "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." *Id.* at 336 (quoting Iowa R. Civ. P. 1.981(3)).

## III.    Discussion

### a. Trespasser

First, the plaintiffs assert the district court erred in finding Aragon was a trespasser. Iowa has adopted the common law rule that "a possessor of land owes no duty to a trespasser other than not to injure him willfully or wantonly, and to use reasonable care after his presence becomes known to avoid injuring him." *Champlin v. Walker*, 249 N.W.2d 839, 842 (Iowa 1977). "A trespasser is one who has no legal right to be upon another's land and enters the land without the express or implied consent of the owner." *Alexander v. Med. Assocs. Clinic, P.C.*, 646 N.W.2d 74, 76 (Iowa 2002) (cleaned up); *see also* Restatement (Second) of Torts § 329 (A.L.I. 1965) (defining trespasser as "a person who enters or remains upon

land in the possession of another without a privilege to do so created by the possessor's consent or otherwise"). "The general rule in Iowa is that every unauthorized entry is a trespass, regardless of the degree of force used, even if no damage is done, or the injury is slight. It will be presumed that injury resulted even if it was no more than the trampling of herbage.'" *White v. Harkrider*, 990 N.W.2d 647, 654 (Iowa 2023) (cleaned up).

The record in this case demonstrates Aragon was a trespasser. He admitted as such in his deposition. The statement of undisputed facts before the district court stated, "Nicolas Aragon was injured while trespassing on private property and while standing in a vehicle operated by Bobby Lynch." The plaintiffs did not contest that statement. Upon our review of the record, we find no evidence suggesting Aragon had any legal right to be present on the construction site. *See Alexander*, 646 N.W.2d at 76. There is also no evidence to suggest that MidAmerican and/or Blattner willfully or wantonly injured Aragon. Accordingly, we affirm the district court's grant of summary judgment because Aragon was a trespasser.

### b. Third-Party Beneficiary

Second, the plaintiffs argue the district court erred when it granted summary judgment because the plaintiffs did not have third-party beneficiary rights in the contract between MidAmerican and Blattner. The plaintiffs were not parties to the contract between MidAmerican or Blattner. Instead, they argue they were third-party beneficiaries to the agreement between MidAmerican and Blattner "to provide and maintain all traffic control as required for the safe and efficient operation of traffic as a result of its construction activities." To sue for breach of

contract, one must be a party to the contract. *See Davis v. Clinton Water-Works Co.*, 6 N.W. 126, 127 (Iowa 1880) ("It is a rule of law, familiar to the profession, that a privity of contract must exist between the parties to an action upon a contract."). Nonparties generally have no legal claim to enforce contracts. *Id.*; *see, e.g., Uhl v. City of Sioux City*, 490 N.W.2d 69, 72–73 (Iowa Ct. App. 1992) (holding that landowner near a potential road that the city contracted with the State to build had no right to enforce the contract). But Iowa law recognizes an exception where an intended third-party beneficiary of a contract may sue under the contract to remedy a breach of a duty. *See Vogan v. Hayes Appraisal Assocs., Inc.*, 588 N.W.2d 420, 423–24 (Iowa 1999) (holding that homeowners were intended third-party beneficiaries of a contract between their bank and an appraiser to monitor progress of the construction of their home and thus could sue to remedy the appraiser's breach of contract by preparing faulty progress reports).

Contracting parties may expressly agree in the contract that they do not intend to benefit any third party. And if they do so unambiguously, the contract's express disclaimer ends the inquiry, and we must enforce the contract as written and cannot find a contrary intent. *See RPC Liquidation v. Iowa Dep't of Transp.*, 717 N.W.2d 317, 320–25 (Iowa 2006) (holding that subcontractor was precluded from being a third-party beneficiary by contract term that "it is not intended by any of the provisions of any part of the contract documents to create in the public or any member thereof a third party beneficiary hereunder" (emphasis omitted)); *cf. Walters v. Kautzky*, 680 N.W.2d 1, 3–4 (Iowa 2004) (holding that inmates were not third-party beneficiaries of a legal services contract between the State Public Defender and an attorney because the contract implemented another agreement

between the State Public Defender and Department of Corrections including a term that "there are no third party beneficiaries to this Agreement" (cleaned up)).

Here, we find the contracting parties expressly disclaimed third-party beneficiaries. The contract contained the following provision:

> 17.4 <u>No Rights in Third Parties</u>. Except with respect to the rights of indemnitees under Article X (a) nothing in this Agreement nor any action taken hereunder shall be construed to create any duty, liability or standard of care to any Person that is not a Party, (b) no person that is not a Party shall have any rights or interest, direct or indirect, in this Agreement or the services to be provided hereunder and (c) this Agreement is intended solely for the benefit of the Parties, and the Parties expressly disclaim any intent to create any rights in any third party as a third-party beneficiary to this Agreement or the services to be provided hereunder.

Because the contract unambiguously disclaims third-party beneficiaries, that is the end of our inquiry. We affirm the district court's grant of summary judgment on this ground.

## IV.    Conclusion

Because the record demonstrates Aragon was a trespasser, and further that the plaintiffs did not have third-party beneficiary rights under MidAmerican and Blattner's contract, we affirm.

**AFFIRMED.**