**Mary GILLIS, Appellant,**

**v.**

**James COLLINS, Respondent.**

**No. WD 41196.**

Missouri Court of Appeals, Western District.

May 23, 1989.

Hollis H. Hanover, Hanover and Turner, Kansas City, for appellant.

Lance LeFevre, Heilbron and Powell, Kansas City, for respondent.

Before TURNAGE, P.J., and CLARK and FENNER, JJ.

CLARK, Judge.

Mary Gillis sued James Collins for injuries she sustained when she fell on the front porch of the Collins residence. The case was tried to a jury which found no fault on either party and therefore returned a verdict for the defendant. Gillis has appealed contending in three points of alleged trial error that the court erred in giving an incorrect verdict directing instruction.

The facts of the case and the cause and extent of appellant's injuries were not in dispute. On September 3, 1984, a picnic was planned to be attended by Collins, Gillis and several members of the Gillis family. Collins and Gillis enjoyed a social relationship during which Gillis had visited in

the Collins home many times. On the day of the accident Gillis had come to the Collins home to prepare food for the picnic.

As Gillis was at work in the kitchen, Collins washed his automobile and, while doing so, he hosed off the front porch of the house. The porch floor had recently been painted and in consequence, it was extremely slippery when wet. Approximately an hour and a half after the wash down of the porch, Gillis and Collins prepared to leave for the picnic. As Gillis stepped out on the porch, she slipped and fell breaking her right leg.

At the time of the occurrence, Collins was inside the residence in the living room. He was not aware the front porch was still wet and he therefore gave no warning of the danger to Gillis. She also was not aware the porch was slick and did not see the condition until she fell. The petition in the case alleged that Collins was liable to Gillis for her injuries because the wet porch constituted a dangerous condition on the premises and Collins was negligent for failing to warn Gillis of the danger.

The points on appeal center on the verdict directing instruction. The instruction given read as follows:

In your verdict you must assess a percentage of fault to defendant if you believe:

First, there was water on the floor of defendant's porch and as a result the porch was not reasonably safe, and
Second, defendant knew of this condition and knew that such condition was not reasonably safe, and
Third, defendant failed to use ordinary care to warn of it, and
Fourth, as a direct result of such failure, plaintiff was injured.

The instruction was based on MAI 22.07, the verdict directing instruction required to be given in cases in which a licensee sues an owner or occupier of land, for an injury sustained as a result of a condition of the premises, modified in accordance with *Cox v. J.C. Penney Co.*, 741 S.W.2d 28 (Mo. banc 1987).[1]

Plaintiff claims this instruction was erroneous because it required her to prove that defendant had actual knowledge that the porch was still wet at the time plaintiff attempted to walk on it. She contends the jury should have been instructed to find defendant negligent if he knew or by using ordinary care could have known that water remained on the porch floor rendering it unsafe for passage at the time plaintiff went out the door.

Appellant's first argument is based on the contention that she was an invitee at the Collins house because she was there to perform services in preparing food for the picnic, some to be consumed by Collins and some taken to his brother. If appellant were an invitee, injured by a condition on the land, the proper form of verdict directing instruction would be MAI 22.03, not the instruction which was used.

■ In general, the distinctions between invitees and licensees entering upon premises are well defined. An invitee is one who enters premises with the express or implied consent of the possessor and for some purpose of real benefit to the possessor or for the mutual benefit of both. A licensee is one who enters the premises with the express or implied permission of the possessor, for his own purpose, from motives of curiosity or private convenience, in no way connected with business or other relations with the owner. *Twine v. Norris Grain Co.*, 241 Mo.App. 7, 15–16, 226 S.W. 2d 415, 420, 421 (Mo.App.1950). A social guest is generally considered a licensee. *Wolfson v. Chelist*, 284 S.W.2d 447, 448 (Mo.1955).

■ A person who first comes on the premises as a social guest may, during the visit, become an invitee if while on the premises, he is requested to perform servic-

**1.** *Cox* spoke specifically to MAI 22.03 dealing with invitees and called for deletion of the paragraph of that instruction which directs the jury to consider whether plaintiff, in the exercise of ordinary care, could have known of the condition which caused the injury. That paragraph was deemed inappropriate as a remnant of contributory negligence law. That same principle applies here.

es of a substantial nature for the benefit of the host and not incidental to the social purpose of the visit. Incidental motives of the visit by a social guest do not cause him to lose his status as a licensee. The status of licensee exists although the guest and host may have a mutual or common interest in the purpose of the visit or an intangible social benefit is conferred on the host. 65 C.J.S. *Negligence* § 63(135) (1966).

In this case, the evidence was clear that Collins and Gillis were on a social outing, one aspect of which was the preparation of food. The transportation of Gillis and the food to the Collins home, the use of the kitchen facilities there and the ultimate gathering of Collins, Gillis and her family members were all components of a common social occasion. The food preparation by Gillis and the time she spent in the Collins kitchen were merely incidental to this activity. Throughout, Gillis remained a licensee with a corresponding duty of care owed by Collins. MAI 22.07 was therefore the instruction mandated for use in this case.

In a second point, appellant contends that whether she was a licensee or an invitee, once Collins was aware she was present on the property, his duty of care was the same, to exercise reasonable care. That duty, according to appellant, was to be aware of dangerous conditions and if, as here, the possessor of the land claimed not to have been aware, it was for the jury to decide whether such unawareness was negligent. In presenting this argument appellant fails to take account of the differences in premises cases between active and passive negligence.

Active negligence, as the term is used in cases involving the liability of a possessor of land to one injured thereon, is defined as negligence occurring in connection with activities conducted on the premises whereas passive negligence is negligence which causes danger by reason of the physical condition of the premises. *Carr v. Brooks*, 356 S.W.2d 293, 297–98 (Mo.App.1962). As to activities conducted on the premises, the possessor owes a licensee whose presence is known the same duty of care owed to an invitee. *Davis v.*

*Jackson*, 604 S.W.2d 610, 612 (Mo.App. 1980). As to conditions on the land, however, a possessor is only liable to a licensee if the possessor actually knows of the condition and realizes it involves an unreasonable risk to the licensee. *Wells v. Goforth*, 443 S.W.2d 155, 158 (Mo. banc 1969).

The following are representative cases where the facts established situations of active negligence. In *Joyce v. Nash*, 630 S.W.2d 219 (Mo.App.1982), the possessor of the land, a mobile home sales park, released attack dogs at closing time, not realizing that shoppers were still inside the park. In *Cunningham v. Hayes*, 463 S.W. 2d 555 (Mo.App.1971), a visitor to an auto salvage yard was struck when a vehicle suspended on a boom or crane fell unexpectedly. Examples of cases involving passive negligence are these. In *Wolfson v. Chelist*, 284 S.W.2d at 447, a social visitor at a residence fell on a grease spot on the porch floor where the family cat had been fed meat scraps the previous night. In *Carr v. Brooks*, 356 S.W.2d at 293, a visitor tripped on a shoe left on the back porch step by the homeowner's dog.

The present case is one of passive negligence quite similar to *Wolfson, supra.* Gillis was not injured as the result of an ongoing activity, the washing of his car or porch by Collins, but as a result of the condition on the premises caused by the activity. Such activity as was involved, the hosing of the porch, had ceased more than one hour before the accident and therefore the activity itself was not the cause of the accident. Under the authorities cited, Collins was only liable for failure to warn Gillis as a licensee about hazards of which Collins was aware. The verdict directing instruction correctly presented the case.

In a final point, appellant argues that MAI 22.07 was not an appropriate instruction because the dangerous condition responsible for Gillis's fall was created by Collins at a time when Gillis was already on the premises. The contention appears to be based on a distinction between this case and those in which the dangerous condition was already present before the injured party reached the premises. No cases are

cited making such a distinction and we find no basis to alter the standard of care owed a licensee in these circumstances. Of course, if the possessor of the land creates the dangerous condition and the time interval before the accident is brief, the jury could well consider those facts as tending to discredit a disclaimer of knowledge by the possessor of the condition. Knowledge, however, remains an essential component of the case when brought by a licensee based on a situation of passive negligence.

The judgment is affirmed.

All concur.