Joel PRESTON, Plaintiff–Appellant,

v.

Delores Walker PRESTON, Personal Representation of the Estate of Nathan Preston, et al., Defendant,

and

Delores Walker Preston, Defendant–Respondent.

No. 59098.

Missouri Court of Appeals,
Eastern District,
Division Two.

Nov. 12, 1991.

J.B. Carter, Kirkwood, for plaintiff-appellant.

Riezman & Blitz, Nelson Lewis Mitten, Ellen Dunne, Clayton, for defendant-respondent.

CRANDALL, Judge.

Plaintiff, Joel Preston, appeals from a grant of summary judgment, in favor of defendant, Delores Walker Preston (step-mother), on his claim of tortious interference with a contract. We affirm.

Plaintiff filed a two count petition against Nathan Preston, plaintiff's father (father), alleging an oral contract with father and plaintiff's mother wherein plaintiff agreed to manage father's company in exchange for a salary and a parcel of corporate property. In count I, plaintiff demanded specific performance of the contract to convey the property. In count II, plaintiff sought monetary damages. On father's motion, the first count was severed. Plaintiff then filed an amended petition which included a third count alleging step-mother tortiously interfered with the contract between plaintiff and father.

Father filed a motion for summary judgment on count I arguing no valid contract, or in the alternative, an adequate remedy at law. The trial court sustained the motion without entering findings of facts or conclusions of law. Father and step-mother then filed a motion for summary judgment with supporting affidavits on counts II and III. No memorandum or affidavits were filed by plaintiff. The trial court granted summary judgment based on a specific finding that the prior grant of summary judgment on count I was controlling on counts II and III. Plaintiff now appeals the grant of summary judgment on count III only.

■ Summary judgment is appropriate where there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. Rule 74.04(c). "Appellate review of an order granting summary judgment is made in light of the entire record construed in a light most favorable to the party against whom summary judgment was entered." *Abbate v. Tortolano,* 782 S.W.2d 810, 811 (Mo.App.1990). In addition, review of summary judgment is the same as that of a court-tried proceeding. *Irwin v. Wal–Mart Stores, Inc.,* 813 S.W.2d 99, 101 (Mo.App. 1991). An appellate court must sustain the trial court's grant of summary judgment if, as a matter of law, it is sustainable on any theory. *McCready v. Southard,* 671 S.W.2d 385, 387 (Mo.App.1984).

■ On appeal, plaintiff contends that there are genuine issues of material fact requiring determination by a fact finder and therefore the trial court erred in granting summary judgment. To establish a claim of tortious interference, plaintiff must establish: (1) a contract; (2) defendant's knowledge of the contract; (3) intentional interference by the defendant inducing or causing a breach of the contractual relationship; (4) absence of justification; and (5) damages resulting from defendant's conduct. *Hanrahan v. Nashua Corp.,* 752

S.W.2d 878, 882 (Mo.App.1988). Step-mother alleged in her memorandum in support of her motion for summary judgment, that plaintiff could not establish a valid contract, step-mother's knowledge of the contract, or lack of justification.

■ A reading of the judgment entered by the trial court indicates that it may have granted summary judgment on the basis of collateral estoppel. It is unnecessary, however, to determine the issue of collateral estoppel, or any of the other challenges to the validity of the contract raised by step-mother.[1] Her contention that plaintiff could not show knowledge of the contract is dispositive.

Step-mother filed an affidavit which stated that she had no knowledge of the existence of any contract between plaintiff and father. Plaintiff filed no affidavits or memorandum to refute step-mother's affidavit. Because plaintiff filed no affidavits or memorandum opposing the motion for summary judgment, the allegations in step-mother's motion are deemed admitted. *Hummel v. Metro. St. Louis Sewer District,* 782 S.W.2d 451, 453 (Mo.App.1990). Therefore, the plaintiff failed to establish an essential element of his claim. The trial court did not err in granting summary judgment in favor of step-mother.

■ The judgment of the trial court granting step-mother's motion for summary judgment is affirmed.[2]

GRIMM, P.J., and SATZ, J., concur.

---

1. Step-mother also argues that: (1) the oral contract for the conveyance of land violates the statute of frauds; (2) there was no consideration to support the contract; and (3) plaintiff failed to assert all the elements of an oral contract.

2. Plaintiff has filed, for the first time on appeal, a response in the form of an affidavit purporting to raise specific facts showing that there is a genuine issue for trial. Documents or other exhibits not presented to the trial court may not be considered on appeal. *Marc's Restaurant, Inc. v. CBS, Inc.,* 730 S.W.2d 582, 584 (Mo.App. 1987). Step-mother's motion to strike the affidavit is granted.