**Charlotte TAYLOR, Plaintiff–Appellant,**

v.

**UNION ELECTRIC COMPANY,
Defendant–Respondent.**

No. 59838.

Missouri Court of Appeals,
Eastern District,
Division Two.

Jan. 21, 1992.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 9, 1992.

Application to Transfer Denied
April 21, 1992.

Michael B. Smallwood, St. Louis, for plaintiff-appellant.

Jeffrey L. Cramer, T. Michael Ward, Brown & James, P.C., St. Louis, for defendant-respondent.

CRANDALL, Judge.

Plaintiff, Charlotte Taylor, appeals from the trial court's grant of summary judgment in favor of defendant, Union Electric Company, in plaintiff's action for bodily injuries sustained in her fall on defendant's property. We reverse and remand.

Summary judgment shall be entered if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Rule 74.-04(c). On appeal, we review the record in a light most favorable to the party against whom judgment was entered. Preston v. Preston, 823 S.W.2d 48 (Mo.App.1991). Here, the parties specified the evidentiary material submitted to the trial court in the summary judgment proceeding. The trial court in its entry of judgment designated the portion of the record it relied on. Thus, on appeal, our review is aided by the clarity of the record below. *Compare Hill v. Air Shields*, 721 S.W.2d 112 (Mo.App.1986).

Defendant owns a clubhouse in Eldon, Missouri, which is reserved for the use of defendant's employees and guests. Mrs. Barnhart, defendant's employee, reserved the clubhouse for the night of August 29, 1987, to hold her daughter's wedding reception. Mr. Barnhart, Mrs. Barnhart's spouse, engaged a band to play at the reception. Mr. Barnhart did not inquire about or in any way restrict the number or makeup of the band and its members.

The band, including plaintiff, arrived at the gate to the clubhouse on the evening of the reception. A person arrived with the key and opened the gate. This person made no inquiries into the make-up of the band and its entourage, nor did he place any restrictions on the movement of the band and its members.

The band set-up and began to play at about eight o'clock p.m. Plaintiff was not an entertainer with the band, but was there to assist the band by running errands and aiding in the transportation of the instruments. During the band's sets, plaintiff drank, ate and danced in full view of the wedding party, including the Barnharts.

The band stopped playing at midnight. As the crowd was leaving, plaintiff and a friend wished to go to the bathroom. Because of the crowd in the clubhouse, plain-

tiff and her friend decided to relieve themselves in the woods just off the parking lot. Plaintiff walked ten feet into the woods, fell off a twenty-six foot cliff, and was injured.

Plaintiff brought an action against defendant, claiming that defendant was negligent in permitting a dangerous condition, an unlit, steep, unbarricaded cliff, to exist. Plaintiff further alleged that defendant had a duty to warn, barricade or in some other manner make the area safe for plaintiff.

■ First, it should be noted that defendant gave the Barnharts permission to use its facility for the purpose of having a wedding reception. Mrs. Barnhart was an employee of defendant. The decision as to what guests were to be invited and under what circumstances people were to enter the property was delegated by defendant to the Barnharts. Someone with keys to the gate specifically permitted plaintiff, the band and its entourage to enter the facility presumably for the purpose of entertaining the wedding party. Given defendant's delegation of authority, knowledge of the presence of plaintiff at the facility by the people in control of the facility can be imputed to defendant. For the same reason plaintiff's technical status as an entrant upon the land was affected in part by the actions of the people who were delegated control of defendant's facility.

We now turn to the substantive issues raised in plaintiff's appeal. Plaintiff, in her petition, alleged that she was an invitee of defendant and that she was injured on its property as a result of a breach of the standard of care owed to her by defendant. Defendant's motion for summary judgment claimed two grounds for relief: (1) Plaintiff was a trespasser to whom defendant owed no duty of care; or (2) if plaintiff was a licensee she deviated from the scope of the implied invitation and, therefore, defendant owed her no duty of care.

■ The duty owed entrants upon the land by possessors is controlled by the legal status of the person entering the land. *See Gillis v. Collins*, 770 S.W.2d 503 (Mo. App.1989); *Singleton v. Charlebois Const.*

*Co.*, 690 S.W.2d 845 (Mo.App.1985). A trespasser, one who enters without permission of the possessor, is owed no duty with regard to the condition of the land. *Singleton*, 690 S.W.2d at 847. A licensee, one who enters with the permission of the possessor for the licensee's own purpose, is owed a duty of reasonable care with regard to known hazards. *Id.* An invitee, one who enters with the permission of the possessor for the benefit of the possessor, is owed a duty of reasonable care for hazards known or those that should be known, to the possessor. *Gillis*, 770 S.W.2d at 505.

■ An invitation to enter land is defined as "conduct which justifies others in believing that the possessor desires them to enter.... Any words or *conduct* of the possessor which lead or *encourage* the *visitor to believe* that his entry is desired *may be sufficient for the invitation.*" *Singleton v. Charlebois Const. Co.*, 690 S.W.2d 845, 848 (Mo.App.1985) (quoting Restatement (Second) of Torts § 332 comment b). Thus, what constitutes an invitation is not necessarily what the possessor of the land intended, but rather what a reasonable person would interpret the conduct to mean. *Id.*

Here, there is evidence in the record that plaintiff was involved in the business operation of the band, albeit, being available to run errands and perform other tasks. An individual with keys came to the gate and let plaintiff and the others in the facility. While there, the wedding party and guests made plaintiff and her friends welcome and invited them to eat from the snack buffet. The Barnharts, who were the permittees of defendant, did not specifically invite plaintiff to the reception, however, they did not specifically invite any members of the band; Mr. Barnhart simply hired the "Whiskey River" band.

■ The technical status of plaintiff is unclear from the record before us. Viewing the record in a light most favorable to plaintiff, there are factual issues raised as to whether plaintiff was an invitee or at least a licensee. Clearly, it cannot be said, as a matter of law, that she was a trespasser to whom no duty was owed.

In addition, the significance of the status of the invitee, licensee, or trespasser disappears once the presence of plaintiff becomes known and a uniform duty of reasonable care is owed. *Singleton*, 690 S.W.2d at 848. What constitutes a breach of reasonable care is generally a jury question.

Here, evidence of plaintiff's method of entry upon the land and her presence and activities at the reception raises at least a fact question of whether defendant, through its permittee and employees, had knowledge of her presence giving rise to a duty of reasonable care.

As to defendant's claim of deviation from the invitation, deviation from the scope of an invitation to an invitee or licensee will reduce an entrant's status and, consequently, the possessor's duty to the entrant. *See Walters v. Markwardt,* 237 S.W.2d 177 (Mo.1951); *Gruetzemacher v. Billings,* 348 S.W.2d 952 (Mo.1961). Deviation from an invitation occurs when the entrant acts in a manner inconsistent with the scope of an express or implied invitation, thereby demonstrating a change in relationship between that person and the possessor. *See Walters,* 237 S.W.2d at 179; *Gruetzemacher,* 348 S.W.2d at 957.

Here, no restrictions were placed on the use of the possessor's land. No verbal or written limitations were issued requiring guests to stay within the clubhouse or parking lot. No signs restricting movement of guests were posted or did any barriers indicate such restrictions. The injury occurred within ten feet of the parking lot provided for the facility. Given this evidence, we cannot say that as a matter of law plaintiff's act of walking into the woods was inconsistent with the invitation given by, or changed plaintiff's relationship with defendant.

The judgment of the trial court is reversed and the cause is remanded.

SATZ, J., concurs.

GRIMM, P.J., dissents.

GRIMM, Presiding Judge, dissenting.

I respectfully dissent.

As the majority opinion states,

Plaintiff brought an action against defendant, claiming that defendant was negligent in permitting a dangerous condition, an unlit, steep, unbarricaded cliff, to exist. Plaintiff further alleged that defendant had a duty to warn, barricade or in some other manner make the area safe for plaintiff.

See page 59.

I would hold, as a matter of law, plaintiff's petition does not state a cause of action. A landowner has no such duty. To hold otherwise would require every landowner of property with cliffs to (1) place and maintain adequate lights on steep, unbarricaded cliffs, or (2) grade the cliffs so they were no longer steep, or (3) barricade the cliffs, or (4) place and maintain warning signs (apparently with lights for nighttime walkers) along all approaches to the cliffs, or (5) "in some other manner make the area safe." Some of these requirements would destroy much of Missouri's natural scenic beauty. All of them would place an intolerable financial burden on owners and occupiers of land.