Karen **HENRY**, Appellant,

v.

Michael **HENRY**, Respondent.

No. 64751.

Missouri Court of Appeals,
Eastern District,
Division One.

Oct. 25, 1994.

Timothy Hill Battern, St. Louis, for appellant.

Irving L. Cooper, Clayton, for respondent.

CRAHAN, Judge.

Mother appeals the trial court's rulings on two issues in her otherwise successful motion to modify a decree of dissolution. Specifically, Mother complains of: (1) the trial court's failure to declare that the obligation to pay child support for their daughter would continue beyond age 21 due to her physical and mental incapacity to support herself; and (2) the trial court's failure to order Father to pay one-half of their now emancipated son's post-secondary educational expenses incurred prior to his emancipation. Father moves to dismiss Mother's appeal as untimely. We hold that the appeal was timely filed and affirm the judgment of the trial court.

The marriage of the parties was dissolved on August 2, 1979. There were three children born of the marriage, a son born November 12, 1971, a daughter born May 24, 1974, and another son born August 19, 1976. Initially, Mother was awarded custody of the three children and $40.00 per week per child in child support. Subsequent modification orders eventually increased child support to $68.00 per week per child.

The eldest son graduated from high school on May 30, 1991. He enrolled at Vatterott Vocational College in July of that year. He quit for a year due to sickness and resumed classes in April 1993. Shortly thereafter he dropped out with no intent to return.

The parties' daughter suffers from triple mosaics, a chromosome disorder. At the time of the hearing on Mother's motion to modify, she was 19 years old and living with Mother and attending a special school program called Transitional. In this program she attends two hours of classes a day and then helps in an office for the remainder of the day. Throughout her life she has attended schools through the special school district. At the time of the hearing, daughter had one more year to complete the program.

In October, 1991, Mother filed a motion to modify, alleging a substantial and continuing change in circumstances. In her motion Mother requested an increase in child support, payment of one-half of all educational expenses for the minor children, attorney fees, and child support for daughter for as long as her disability continues. Father filed a motion to dismiss claiming no change in circumstances justifying modification of the dissolution decree. The motions were heard on June 8, 1993. The court heard testimony from both parties and the eldest son and admitted extensive exhibits.

The court issued its findings and judgment on July 2, 1993. The court overruled Father's motion to dismiss, finding sufficient change in circumstances to justify an increase in child support. The court found that the eldest son became emancipated on or about April 15, 1993, the date he quit attending Vatterott Vocational College. The court ordered Father to pay an increased amount of $760.00 per month for the support of the two remaining unemancipated children. Father was also ordered to pay $1,800.00 in retroactive support, less $469.00 Father had previously paid for the eldest son's support after his emancipation, and to pay one-half of the cost each year for the remaining children to attend a post-secondary school. Mother was awarded attorney fees and costs totaling $646.00. The court denied as premature Mother's request to extend Father's support obligation for daughter for so long as her disability continues.

On July 15, 1993, Father timely filed a motion for new trial requesting the court to grant a new trial, reopen the judgment, take additional testimony, amend its findings, and direct the entry of a new judgment. On August 2, 1993, the court granted this motion and allowed additional evidence to be submitted. On August 16, 1993, the court issued an amended judgment and order, specifying payment of $380.00 per month for daughter and $380.00 per month for the younger son instead of the previous monthly lump sum for both children. The amended judgment and order also recalculated the amount of money paid by Father to Mother after the eldest son's emancipation, increasing the credit amount to $952.00 and leaving a balance of $848.00 in retroactive child support. Further, the amended judgment and order clarified payments to be made for daughter and younger son's post-secondary education, adding provisions specifying each party's obligations.

On September 24, 1993, Mother filed this appeal, asserting two points of error. Before reaching these issues, however, we must first address Father's contention that we lack jurisdiction because Mother's appeal is untimely.

Father argues we should dismiss this appeal for lack of jurisdiction because Mother filed her notice of appeal more than ten days after the court filed its amended judgment. Rule 81.04 requires that a notice of appeal be filed no later than ten days after the judgment or order appealed from becomes final. Father maintains that because Mother filed her notice of appeal on September 24, 1993, some 39 days after the amended judgment, this court is without jurisdiction. We disagree.

Rule 78.01 provides:

On a motion for a new trial in an action tried without a jury, the court may open the judgment if one has been entered, take additional testimony, amend findings of fact or make new findings, and direct the entry of a *new judgment*. (emphasis added).

As a new judgment, the trial court retains control over it for thirty days, during which time, after giving notice to the parties and for good cause, the trial court may "vacate, reopen, correct, amend, or modify its judgment." Rule 75.01.

Father argues that the judgment became final when it was amended in August 1993. If that were the case, neither party would be able to challenge by motion the findings or conclusions of the second judgment. Nor would the court on its own motion have an opportunity to correct any errors. *See* Rule 75.01. Such a result would be contrary to the purpose of the thirty day continuing jurisdiction of the trial court under Rule 75.01 in that the parties and the appellate court would have to spend valuable time and resources on appeals brought to rectify simple errors which the trial court could more easily correct in the first instance. *Schreier v. Schreier*, 625 S.W.2d 644, 648 (Mo.App.1981).

Accordingly, we find the opening of the original judgment and the admission of additional evidence resulted in the issuance of a new judgment. The new judgment is comprised of the judgment entered on July 2, 1993 and the amendments thereto made under the August 16, 1993 judgment. This new judgment was not final for purposes of appeal until September 16, 1993. Rule 81.05. Mother's appeal, filed September 24, 1993, was therefore timely. Rule 81.04.

In her first point, Mother claims the trial court erred in "failing to extend the obligation of [Father] to provide for support of [daughter] beyond the age of 18 pursuant to section 452.340.4 RSMo.[1]...." Actually, the trial court did provide for support of daughter beyond the age of 18. The trial court specifically ordered Father to pay child support of $380.00 per month for daughter, who

was 19 years old at the time of the hearing, and to provide one-half of her post-secondary educational expenses. From the argument portion of the brief and questioning counsel at oral argument, we understand that Mother's true complaint is that the trial court refused to order Father to provide continuing support for daughter beyond the time his obligation would otherwise expire upon completion of daughter's education.

In its order, the trial court stated: "[The court] will not make any additional orders for [daughter]. The time may come for additional support. It is not here now." Mother urges that this determination must be overturned because the "undisputed evidence" established that daughter was a mentally incapacitated child unable to provide for herself due to her triple mosaics chromosome disorder.

■ Our review is limited to determining whether the judgment and order is supported by substantial evidence, whether it is against the weight of the evidence or whether it erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). We defer to the trial court's determinations of credibility, viewing the evidence and permissible inferences therefrom in the light most favorable to the court's order and disregarding all contrary evidence and inferences. *Mehra v. Mehra*, 819 S.W.2d 351, 353 (Mo. banc 1991).

■ Although there was no dispute that daughter suffers from the triple mosaics chromosome disorder, the evidence presented to the court with respect to the effect of such disorder on daughter's ability to support herself now or in the future was meager, at best. Daughter did not testify and Mother did not provide any medical or other expert testimony on the subject. Rather,

1. All statutory references are to RSMo Cum. Supp.1993 unless otherwise indicated. Section 452.340 provides, in relevant part:

3. Unless the circumstances of the child manifestly dictate otherwise and the court specifically so provides, the obligation of a parent to make child support payments shall terminate when the child:

\* \* \* \* \* \*

(5) Reaches age eighteen, unless the provisions of subsection 4 or 5 of this section apply.

4. If the child is physically or mentally incapacitated from supporting himself and insolvent and unmarried, the court may extend the parental support obligation past the child's eighteenth birthday.

5. If when the child reaches age eighteen, he is enrolled in and attending a secondary school program of instruction, the parental support obligation shall continue until the child completes such program or reaches age twenty-one, whichever first occurs.

Mother relied solely upon her description of daughter's abilities and various records of the special school district. Contrary to Mother's contention, this evidence does not compel the conclusion that daughter will be insolvent and incapable of supporting herself when she completes her schooling. Mother presented no evidence whatsoever of daughter's solvency or insolvency. Mother was unfamiliar with the school district's latest assessment of daughter's progress. Further, Mother's testimony established that daughter was obtaining vocational training. When asked for her opinion of whether daughter would ever be able to live on her own, Mother replied:

> THE WITNESS: I can't say that she never, ever, ever will. Hopefully, that, you know, at sometime—some point in time she may be able to take care of herself. She may be able to get a job that pays a minimum wage. Not—she's never going to be a COE (sic) of a company, but, you know, she may be able to go into a job that makes a minimum wage and maybe be able to have spending money. But as far as being able to take care of herself and support herself, I can't really say at this time. That's something that may come in—at some other point in time or may never happen.

In view of this evidence, we find no error in the trial court's refusal to extend indefinitely Father's obligation to provide child support for daughter pursuant to § 452.340.4. Such an order would have been purely speculative on the evidence presented. Should Mother conclude that daughter remains incapable of supporting herself upon completion of her schooling, nothing in the trial court's order prevents her from presenting appropriate evidence of need at that time. Point denied.

In her second point, Mother claims the trial court erred in denying her request for reimbursement of the eldest son's post-secondary educational expenses incurred prior to his emancipation. The trial court stated that Father should have been obligated to pay his fair share of such tuition but did not order Father to do so because Mother failed to present any evidence of the amount she had incurred. Mother claims that the amount incurred was disclosed to Father by her answers to interrogatories. However, these answers were never introduced into evidence. Interrogatory answers are not part of the pleadings and are not considered evidence unless they are offered and admitted at trial. *In re Marriage of Burnside,* 777 S.W.2d 660, 661 (Mo.App.1989). Likewise, materials never presented to the trial court cannot properly be considered on appeal. *Preston v. Preston,* 823 S.W.2d 48, 50 n. 2 (Mo.App.1991). In the absence of any evidence of the amount incurred, we find no error in the trial court's disposition of this issue.

The judgment is affirmed.

REINHARD, P.J., and KAROHL, J., concur.