**Timothy W. ADAMS, a Minor, by Michelle Adams, His Next Friend, Plaintiffs/Appellants,**

v.

**Theresa L. BADGETT, Defendant/Respondent.**

**No. ED 81740.**

Missouri Court of Appeals, Eastern District, Division Three.

Sept. 9, 2003.

James S. Collins, II, St. Louis, MO, for appellants.

William F. James, St. Louis, MO, for respondent.

LAWRENCE E. MOONEY, Judge.

Is an invitation accompanied by an agreement to share baby-sitting expenses an invitation made with the expectation of a material benefit, thereby rendering an entrant an invitee for purposes of premises-liability law? The plaintiff, Timothy Adams, argues in the affirmative, and thus appeals from the trial court's judgment, entered after a jury trial, in favor of the defendant, Theresa Badgett. In his sole point on appeal, the plaintiff alleges the trial court erred in giving a verdict-directing instruction which treated him as a licensee rather than an invitee. Because we hold that the plaintiff was an invitee, he was entitled to a verdict-directing instruction setting forth the corresponding duty of care. Accordingly, we reverse and remand.

### Factual and Procedural Background

The plaintiff[1] sued the defendant seeking monetary damages for injuries he sustained while playing on a swing set in the defendant's backyard. The defendant and plaintiff's mother were social friends. The plaintiff had been to the defendant's home with his mother on numerous occasions before March 14, 1996, the date of the injury. That evening found the plaintiff once again at the defendant's home, this time because his mother and the defendant were going out for a social evening, while their children remained at the defendant's house with a baby-sitter. The defendant and plaintiff's mother had agreed to share the cost of the baby-sitter. After the two mothers left for their evening out, the plaintiff, then nine years old, and the defendant's daughter went outside to play in

---

1. Timothy Adams, a minor, brought suit by and through his Next Friend, Michelle Adams, who is also his mother.

the backyard. While climbing across the top of the defendant's swing set, the plaintiff slipped and caught his arm on what he alleges was an exposed uncovered bolt on the swing set. The plaintiff sustained a deep laceration to his right forearm.

At the instruction conference during the trial of plaintiff's damage suit, plaintiff's attorney proffered three different verdict-directing instructions, referred to as Instructions A, B, and C.[2] Proffered Instruction A was a modified version of the verdict-directing instruction for licensees, with plaintiff adding the language—*"or by using ordinary care could have known of this condition,"*—to the second paragraph of the instruction so as to encompass the duty of care owed to an invitee.[3] The trial court rejected plaintiff's proffered Instructions A, B, and C, and instead gave Instruction No. 5, M.A.I. 22.07, the verdict-directing instruction for licensees.[4] Instruction No. 5 and the plaintiff's proffered Instruction A are identical in all respects, save the exception of the language added by the plaintiff to the second paragraph in his proffered instruction. Thus, the court rejected the plaintiff's proffered instructions setting forth the duty of care owed an invitee to protect the plaintiff from those dangers that would have been revealed by inspection, and instead gave the

**2.** Proffered Instruction B followed M.A.I. 22.05 (1981 Revision), M.A.I. 11.05 (1996 Revision); Instruction C followed M.A.I. 22.01 (1996 Revision), M.A.I. 11.05 (1996 Revision). We note that Instruction B, M.A.I. 22.05, is the verdict-directing instruction if a tenant is injured on the premises reserved for common use, and Instruction C, M.A.I. 22.01, is the verdict-directing instruction if there is a trespassing child. Appellant advances no argument in support of Instruction B or C, and thus any error as to their denial is not preserved for our review. Further, there is no evidence in support of these two proffered instructions. Clearly this is not a landlord-tenant situation, nor was plaintiff a trespassing child.

**3.** Proffered Instruction A read as follows:

Your verdict must be for plaintiff if you believe:

First, there was a swing set which had bolts which were not covered, and were exposed on defendant's premises and as a result the premises were not reasonably safe, and

Second, defendant knew or by using ordinary care could have known of this condition and knew, or by using ordinary care could have known, that such condition was not reasonably safe, and

Third, defendant knew or had information from which defendant, in the exercise of ordinary care, should have known that persons such as plaintiff would not discover such condition or realize the risk of harm, and

Fourth, defendant failed to use ordinary care to make the condition reasonably safe, and

Fifth, as a direct result of such failure, plaintiff sustained damage.

The phrase "ordinary care" as used in this instruction means that degree of care that an ordinarily careful person would use under the same or similar circumstances.

M.A.I. 22.07 (1991 Revision) Modified by Plaintiff, M.A.I. 11.05 (1996 Revision).

**4.** Instruction No. 5 read as follows:

Your verdict must be for plaintiff if you believe:

First, there was a swing set which had a bolt which was not covered and was exposed on defendant's premises and as a result the premises were not reasonably safe, and

Second, defendant knew of this condition and knew that such condition was not reasonably safe, and

Third, defendant knew or had information from which defendant, in the exercise of ordinary care, should have known that persons such as plaintiff would not discover such condition or realize the risk of harm, and

Fourth, defendant failed to use ordinary care to make the condition reasonably safe, and

Fifth, as a direct result of such failure, plaintiff sustained damage.

The phrase "ordinary care" as used in this instruction means that degree of care that an ordinarily careful person would use under the same or similar circumstances.

M.A.I. 22.07 (1991 Revision), M.A.I. 11.05 (1996 Revision).

verdict-directing instruction for licensees. The jury returned a verdict in favor of the defendant and, following the trial court's denial of plaintiff's motion for new trial, the plaintiff appeals.

## Standard of Review

■ An instruction shall be given or refused by the trial court according to the law and the evidence in the case. Rule 70.02(a). A party is entitled to choose the theory of recovery on which to submit his case to the jury. *See Yoos v. Jewish Hospital of St. Louis*, 645 S.W.2d 177, 191 (Mo.App. E.D.1982); *Certa v. Associated Building Center, Inc.*, 560 S.W.2d 593, 596 (Mo.App.1977). And, a party is entitled to a verdict-directing instruction predicated on his theory of the case, if that theory is supported by the evidence. *Williams v. Christian*, 520 S.W.2d 139, 141 (Mo.App. 1974); *see also Yoos*, 645 S.W.2d at 191; *Certa*, 560 S.W.2d at 596. In a premises-liability case, when the facts surrounding the status of an entrant are not in dispute, the determination of whether the entrant is an invitee or a licensee is a question of law for the court. *See Carter v. Kinney*, 896 S.W.2d 926, 928 (Mo. banc 1995); *Anderson v. Accurso*, 899 S.W.2d 938, 941 (Mo.App. W.D.1995). And although the trial court's refusal to give an instruction is reversible error only if the refusal was prejudicial to the offering party, *Higby v. Wein*, 996 S.W.2d 95, 97 (Mo.App. E.D. 1999), a party is entitled to go to the jury on his theory of the case, if supported by the evidence, and thus the trial court's error in refusing the proffered instruction cannot be viewed as merely harmless error. *Williams*, 520 S.W.2d at 146; *see also Yoos*, 645 S.W.2d at 191; *Certa*, 560 S.W.2d at 596.

## Discussion

■ The debate in this case is as to plaintiff's legal status, and thus the corresponding duty the defendant owed him on the evening he sustained his injury. The status of an entrant on the land of another generally determines the duty of care owed by the possessor of land. *Carter*, 896 S.W.2d at 928; *Hogate v. American Golf Corp.*, 97 S.W.3d 44, 47 (Mo.App. E.D.2002). And while it is well known that an entrant's status can be as a trespasser, a licensee, or an invitee, *Id.*, in this case we are only concerned with the distinction between a licensee and an invitee.[5] The plaintiff contends he was an invitee on the night he was injured because his mother and the defendant were going to share baby-sitting expenses while they went out for the evening. The plaintiff claims the defendant had invited him into her home with the expectation of a material benefit from the visit-that material benefit being the shared cost of a baby-sitter. The defendant, to the contrary, contends the plaintiff was a social guest, and thus a licensee on that evening. There is no dispute that the defendant and the plaintiff's mother were going to share the cost of the baby-sitter; the defendant's attorney admitted this fact during trial. However, the defendant argues a single instance of a reduced babysitting expense is a *de minimis* benefit, and not the material benefit contemplated by the courts in drawing a distinction between social guests/licensees and invitees. The defendant does concede that should this court find that sharing the cost of a baby-sitter constitutes a material

---

**5.** No argument is made, nor could it be, that the plaintiff was a trespasser. A trespasser is one who enters the premises without consent or a privilege to do so created by law. *See, e.g., Seward v. Terminal R.R. Ass'n of St. Louis*, 854 S.W.2d 426, 428 (Mo. banc. 1993); *Hogate*, 97 S.W.3d at 47. In this case, the plaintiff was clearly at the defendant's house, and playing on the swing set, with the consent of the defendant.

benefit, then the plaintiff was entitled to the additional language in the plaintiff's proffered instruction encompassing the duty of care owed an invitee.

■ Whether a person entering the premises of another is an invitee or a licensee depends on the purpose for which he enters onto the premises. *See Stevenson v. Kansas City Southern Ry. Co.,* 348 Mo. 1216, 159 S.W.2d 260, 263 (1941); *see also Wolfson v. Chelist,* 284 S.W.2d 447, 450 (Mo.1955); *Carter,* 896 S.W.2d at 928; *Gruhalla v. George Moeller Const. Co.,* 391 S.W.2d 585, 592 (Mo.App.1965); *Twine v. Norris Grain Co.,* 241 Mo.App. 7, 226 S.W.2d 415, 420 (1950). A licensee is one who enters the premises with the permission of the possessor, but merely for his own purpose and interest, "from motives of curiosity or private convenience, in no way connected with the business or other relations with the owner." *Gillis v. Collins,* 770 S.W.2d 503, 505 (Mo.App. W.D. 1989); *see also e.g. Stevenson,* 159 S.W.2d at 262; *Richey v. Kemper,* 392 S.W.2d 266, 268 (Mo.1965); *Gruhalla,* 391 S.W.2d at 592; *Twine,* 226 S.W.2d at 420–1; *see generally* 65A C.J.S. Negligence § 437 (2000). An invitee, on the other hand, is one who enters the premises with the consent of the possessor for some purpose of real benefit or interest to the possessor or for the mutual benefit of both. *See Gillis,* 770 S.W.2d at 505; *see also e.g. Stevenson,* 159 S.W.2d at 262 *citing Glaser v. Rothschild,* 221 Mo. 180, 120 S.W. 1 (1909); *Richey,* 392 S.W.2d at 268; *Twine,* 226 S.W.2d at 420–21; *see generally* 65A C.J.S. Negligence § 452 (2000). Our Supreme Court has drawn the distinction between a licensee and an invitee—"an entrant becomes an invitee when the possessor invites him

with the expectation of a material benefit from the visit." *Carter,* 896 S.W.2d at 928 *citing Wolfson,* 284 S.W.2d 447.[6]

■ The defendant in this case contends the plaintiff was a social guest, and thus a licensee, in her home on the night he was injured. A social guest is a person who has received a social invitation, *Carter,* 896 S.W.2d at 928, and who "comes on the premises . . . for purely social purposes, to enjoy hospitality as a guest of the owner." 65A C.J.S. Negligence § 555 (2000); *see also Cook v. Smith,* 33 S.W.3d 548, 552 (Mo.App. W.D.2000); *Gillis,* 770 S.W.2d at 505. Although a social guest has received an invitation, a social guest is generally considered a licensee. *Carter,* 896 S.W.2d at 928; *see also Wolfson,* 284 S.W.2d at 450; *Gillis,* 770 S.W.2d at 505. And, even though there may be incidental motives of the visit, other than purely social ones, or even though the guest may perform some minor or incidental services for the host during his visit, or confer an intangible social benefit to the host, a social guest retains his status as a licensee. *See Gillis,* 770 S.W.2d at 505–6; *see generally* 65A C.J.S. Negligence § 556 (2000).

■ Accordingly, the decisive question in this case is for what purpose was the plaintiff at the defendant's home on the night he was injured. Was the plaintiff at the defendant's home for his own purpose, or was he there for some purpose of real benefit or interest to the defendant? Did the defendant expect a material benefit from the visit by virtue of the agreement to share baby-sitting expenses? We hold that the defendant's invitation was tendered with the expectation of a material benefit, and that the plaintiff was consequently an invitee. The plaintiff was not

---

**6.** An entrant is also an invitee when the possessor extends an invitation to enter the land to the public generally or to some undefined portion of the public. *See Carter,* 896 S.W.2d

at 928 *citing Wolfson,* 284 S.W.2d 447; *see also Cook v. Smith,* 33 S.W.3d 548, 552 (Mo. App. W.D.2000). However, these circumstances are inapplicable in this case.

at the defendant's house merely for his own purposes. Rather, on this occasion, the plaintiff had been invited into the defendant's home for some purpose of real benefit or interest to the defendant—the sharing, and thus reduced cost, of a babysitter. This case is unlike the circumstance where a dinner guest brings a gift of wine or flowers for a host. Here, a bargain was struck that the defendant and the plaintiff's mother would share the baby-sitting expense that was to be incurred at the defendant's home. The exchange of money is more than a mere social nicety. Indeed, if the exchange of money were not a material benefit, but rather an immaterial or merely incidental benefit, why would the parties make it the subject of an agreement? Although this agreement may have facilitated a social evening between friends, these same friends thought the issue of sufficient consequence to negotiate their understanding in advance.

The plaintiff sought to submit his case presenting himself as an invitee, and proffered a verdict-directing instruction which set forth the duty of care owed an invitee. The duty owed an invitee such as the plaintiff differs significantly from the duty owed a licensee. The possessor of land owes a licensee the duty to make safe dangers known to the possessor. *Carter*, 896 S.W.2d at 928; *Wells v. Goforth*, 443 S.W.2d 155, 158 (Mo.1969) *overruled on other grounds.*[7] On the other hand, a possessor of land owes invitees "the duty to exercise reasonable care to protect them against both known dangers and those that would be revealed by inspection." *Carter*, 896 S.W.2d at 928. It is this additional duty owed an invitee—the duty to protect plaintiff from those dangers that would have been revealed by inspection—that plaintiff sought to encompass in his proffered instruction with the additional language *"or by using ordinary care could have known of this condition."* Because we hold that the plaintiff was an invitee, he was entitled to a verdict-directing instruction which treated him as an invitee and set forth the corresponding duty of care. The trial court erred in refusing the plaintiff's proffered verdict-directing Instruction A, which contained the additional language encompassing the duty owed an invitee. Point granted.

Accordingly, the judgment is reversed and the cause is remanded for further proceedings consistent with this opinion.

CLIFFORD H. AHRENS, P.J., and WILLIAM H. CRANDALL, JR., J., concur.

---

7. Our Supreme Court, in the case of *Wells v. Goforth*, adopted the possessor's duty of care owed a licensee set forth in 2 Restatement, Law of Torts, First, Section 342 (1934), which reads as follows: A possessor of land is subject to liability for bodily injury caused to a gratuitous licensees by a natural or artificial condition thereon if, but only if he:

(a) knows of the condition and realizes that it involves an unreasonable risk to them and has reason to believe that they will not discover the condition or realize the risk, and

(b) invites or permits them to enter or remain upon the land, without exercising reasonable care

(i) to make the condition reasonably safe, or

(ii) to warn them of the condition and the risk involved therein.