David McLAURIN, Respondent,

v.

Lisa McLAURIN, Appellant.

No. ED 85084.

Missouri Court of Appeals,
Eastern District,
Division Two.

Sept. 13, 2005.

Raymond Howard, St. Louis, MO, for appellant.

Robert E. Faerber, Clayton, MO, for respondent.

GARY M. GAERTNER, SR., Presiding Judge.

Appellant, Lisa McLaurin ("Wife"), appeals from the judgment of the Circuit Court of the City of St. Louis, which dissolved her marriage to Respondent, David McLaurin ("Husband"). That judgment divided the parties' property and ordered Wife to pay $800.00 in attorney's fees to Husband. Furthermore, the court found that the only child born of the marriage between Husband and Wife was emancipated. Thus, the court made no provision for child support. We affirm.

Husband and Wife were married on September 4, 1982. The parties separated in or about 1990. However, Husband's first amended petition for dissolution of marriage was not filed until June 24, 2004. Wife works in banquet sales for Glen Echo Country Club earning $9.50 per hour. At the time of the trial on July 21, 2004, Husband had recently been laid off from T & T Demolition.

David Wayne McLaurin, Jr. ("Child"), born February 21, 1985, was the only child born of the marriage. After graduating from high school, Child attempted to enroll in Forest Park Community College in the fall of 2003. However, because a financial aid award was delayed, he was unable to do so. The financial aid was received in October. Child was enrolled for ten credit hours for the 2004 spring semester, and Child began attending courses in January. Wife alleges that at some point in the spring semester, Child slipped on ice, fell, and fractured his right hand. Thereafter, he withdrew from his spring classes and also did not attend summer classes. Child registered for twelve credit hours for the 2004 fall semester.

After a bench trial, the court entered a judgment dissolving the marriage of Husband and Wife. No maintenance was awarded to either party. The court found that Child was emancipated. Thus, the court made no provision for child support. This appeal followed.

In Wife's sole point on appeal, she argues that the trial court erred in declaring Child to be emancipated on the basis that he did not continually pursue higher education. She claims that Child was not emancipated because his temporary inability to attend college classes was due to a temporary physical disability.

On appeal, a trial court's ruling on child support is affirmed unless it is not supported by substantial evidence, it is contrary to the weight of the evidence, or it incorrectly applies or states the law. *In re Marriage of Kohring*, 999 S.W.2d 228, 234 (Mo.banc 1999). We will defer to a trial court's determinations of credibility. *Henry v. Henry*, 886 S.W.2d 172, 174 (Mo. App. E.D.1994). We view the evidence and all permissible inferences therefrom in the light most favorable to the trial court's

decision, and disregard all contrary evidence and inferences. *Id.*

Section 452.340.5, RSMo 2000[1] provides that the parental support obligation shall continue if "the child is enrolled in and attending a secondary school program...." Section 452.340.5. This parental support obligation shall continue, "if the child *continues* to attend and progresses toward completion of said program, until the child completes such program or reaches age twenty-one, whichever first occurs." Section 452.340.5 (emphasis added). However, the continuous attendance requirement may be waived where each of the following factors is present: 1) the interruption is temporary; 2) there is a clear intent to re-enroll; and 3) there are manifest circumstances which prevented the child's continuous enrollment. *Kasten v. Frenz*, 109 S.W.3d 210, 213 (Mo.App. E.D.2003). Manifest circumstances are those situations which are beyond the child's control. *Id.* Missouri courts have invoked the manifest circumstances exception when a child's inability to attend classes stems from illness, physical disability, or a parent's refusal to pay child support. *Id.* However, where there is insufficient evidence that a child's medical condition prevented attendance, a waiver of the continuous attendance requirement is not justified. *See Draper v. Draper*, 982 S.W.2d 289, 294–95 (Mo.App. W.D. 1998). When applying section 452.340.5, a trial court enjoys discretion in finding a child emancipated or unemancipated. *Zalmanoff v. Zalmanoff*, 862 S.W.2d 941, 945 (Mo.App. E.D.1993).

In this case, Child did not continuously attend college. He did not complete the 2004 spring semester. Mother alleges attendance was not continuous due to a temporary physical disability. However, the testimony as to the severity of Child's injury was scant. Wife testified that Child fractured his dominant hand and, as a result, was unable to write. Nonetheless, the trial court was not obligated to believe her testimony that the injury occurred or, in the alternative, that it was serious enough to prevent Child from attending classes. There was no testimony that Child attempted and was unable to make accommodations in order to continue attending classes. The trial court's decision was further justified because Wife introduced no medical records or other documentation of Child's injury into the record. *See Draper*, 982 S.W.2d at 295. Thus, considering the dearth of evidence presented, the trial court did not err in declaring Child emancipated. Point denied.

Based on the foregoing, we affirm the judgment of the trial court.

GEORGE W. DRAPER, III and KENNETH ROMINES, JJ., concur.

---

1. All statutory references are to RSMo 2000 unless otherwise indicated.