Jonathan D. CARTER and Laurie
J. Carter, Appellants,

v.

Ronald KINNEY and Mary
Kinney, Respondents.

No. 77487.

Supreme Court of Missouri,
En Banc.

April 25, 1995.

David T. Greis, William H. Pickett, Kansas City, for appellants.

John B. Reddoch, Scott J. Sullivan, Sherrill P. Vickers, Liberty, for respondents.

Jeffrey L. Groves, Springfield, for amicus curiae Mo. Organization of Defense Lawyers.

ROBERTSON, Judge.

Detouring from its already lengthy opinion in this case, the Court of Appeals, Western District, speculated that dicta in *Seward v. Terminal Railroad Association,* 854 S.W.2d 426, 428–9 (Mo. banc 1993), acknowledged in *Gray v. Russell,* 853 S.W.2d 928, 930, n. 2 (Mo. banc 1993), amounted to a "sub silentio" overruling of the common law of this state basing premises liability on the status of the injured entrant to the land. We granted transfer because of the general interest of the issues raised in the case and to assure the western district that *Seward* did not abolish the licensee-invitee distinction in Missouri.[1] We have jurisdiction. Mo. Const. art. V, § 10. The judgment of the trial court sustaining the defendants' motion for summary judgment is affirmed.

I.

Ronald and Mary Kinney hosted a Bible study at their home for members of the Northwest Bible Church. Appellant Jonathan Carter, a member of the Northwest Bible Church, attended the early morning Bible study at the Kinney's home on February 3, 1990. Mr. Kinney had shoveled snow from his driveway the previous evening, but was not aware that ice had formed overnight. Mr. Carter arrived shortly after 7:00 a.m., slipped on a patch of ice in the Kinneys' driveway, and broke his leg. The Carters filed suit against the Kinneys.

The parties agree that the Kinneys offered their home for the Bible study as part of a series sponsored by their church; that some Bible studies took place at the church and others were held at the homes of church members; that interested church members signed up for the studies on a sheet at the church, which actively encouraged enrollment but did not solicit contributions through the classes or issue an invitation to the general public to attend the studies; that the Kinneys and the Carters had not engaged in any social interaction outside of church prior to Mr. Carter's injury, and that Mr. Carter had no social relationship with the other participants in the class. Finally, the parties agree that the Kinneys received neither a financial nor other tangible benefit from Mr. Carter in connection with the Bible study class.

They disagree, however, as to Mr. Carter's status. Mr. Carter claims he was an invitee; the Kinneys say he was a licensee. And the parties dispute certain facts bearing on the purpose of his visit, specifically, whether the parties intended a future social relationship, and whether the Kinneys held the Bible study class in order to confer some intangible benefit on themselves and others.

On the basis of these facts, the Kinneys moved for summary judgment. The trial court sustained the Kinney's summary judg-

---

1. *Harris v. Niehaus,* 857 S.W.2d 222 (Mo. banc 1993), a case decided *after Seward* and *Gray,* assumed the continued existence of the licensee-invitee distinction and found that plaintiffs had failed to make a submissible case as a matter of law. *Harris* expressly adopted the *Restatement* (Second) of Torts, §§ 343 & 343(A) (1965) as the law of Missouri. Those portions of the Restatement discuss invitee liability. Moreover, the Court's opinion relied on the Restatement definitions of "licensee", Restatement (Second). Torts, § 330 (1965) and invitee. Restatement (Second) of Torts, § 332 (1965).

ment motion on the ground that Mr. Carter was a licensee and that the Kinneys did not have a duty to a licensee with respect to a dangerous condition of which they had no knowledge. This appeal followed.

## II.

### A.

This case comes to the Court on summary judgment. "Summary judgment is designed to permit the trial court to enter judgment, without delay, where the moving party has demonstrated, on the basis of the facts as to which there is no genuine dispute, a right to judgment as a matter of law." *ITT Commercial Fin. Corp. v. Mid–America Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993). The propriety of summary judgment is purely an issue of law which an appellate court may review *de novo* on the record on appeal. *Id.*

As to premises liability, "the particular standard of care that society recognizes as applicable under a given set of facts is a question of law for the courts." *Harris v. Niehaus*, 857 S.W.2d 222, 225 (Mo. banc 1993). Thus, whether Mr. Carter was an invitee, as he claims, or a licensee is a question of law and summary judgment is appropriate if the defendants' conduct conforms to the standard of care Mr. Carter's status imposes on them.

### B.

The Kinneys' motion for summary judgment characterizes Mr. Carter as a social guest. The Kinneys' description of Mr. Carter's status as a social guest has led to some confusion in the parties' briefing of the legal issues in this case. Indeed, the Carters assign error to the trial court's decision to sustain the Kinneys' motion for summary judgment, because they believe factual issues are in dispute as to that status.

Historically, premises liability cases recognize three broad classes of plaintiffs: trespassers, licensees and invitees. All entrants to land are trespassers until the possessor of the land gives them permission to enter. All persons who enter a premises with permission are licensees until the possessor has an interest in the visit such that the visitor "has reason to believe that the premises have been made safe to receive him." 65 C.J.S. Negligence, § 63(41), 719. That makes the visitor an invitee. The possessor's intention in offering the invitation determines the status of the visitor and establishes the duty of care the possessor owes the visitor. *Generally*, the possessor owes a trespasser no duty of care, *Seward*, 854 S.W.2d at 428; the possessor owes a licensee the duty to make safe dangers of which the possessor is aware, *Wells v. Goforth*, 443 S.W.2d 155, 158 (Mo. banc 1969); and the possessor owes invitees the duty to exercise reasonable care to protect them against both known dangers and those that would be revealed by inspection. *Harris*, 857 S.W.2d at 225–6. The exceptions to these general rules are myriad, but not germane here.

A social guest is a person who has received a social invitation. *Wolfson v. Chelist*, 284 S.W.2d 447, 450 (Mo.1955). Though the parties seem to believe otherwise, Missouri does not recognize social guests as a fourth class of entrant. *Cf. Scheibel v. Lipton*, 156 Ohio St. 308, 102 N.E.2d 453 (1951). In Missouri, social guests are but a subclass of licensees. The fact that an invitation underlies a visit does not render the visitor an invitee for purposes of premises liability law. This is because "[t]he invitation was not tendered with any material benefit motive" . . . . and "[t]he invitation was not extended to the public generally or to some undefined portion of the public from which invitation, . . . entrants might reasonably expect precautions have been taken, in the exercise of ordinary care, to protect them from danger." *Wolfson*, 284 S.W.2d at 450. Thus, this Court held that there "is no reason for concluding it is unjust to the parties . . . to put a social guest in the legal category of licensee." *Id.* at 451.

It does not follow from this that a person invited for purposes not strictly social is perforce an invitee. As *Wolfson* clearly indicates, an entrant becomes an invitee when the possessor invites with the expectation of a material benefit from the visit or extends an invitation to the public generally.

*See also* Restatement (Second) of Torts, § 332 [2] (defining an invitee for business purposes) and 65 C.J.S. Negligence, § 63(41) (A person is an invitee "if the premises are thrown open to the public and [the person] enters pursuant to the purposes for which they are thrown open."). Absent the sort of invitation from the possessor that lifts a licensee to invitee status, the visitor remains a licensee as a matter of law.

■ The record shows beyond cavil that Mr. Carter did not enter the Kinneys' land to afford the Kinneys any material benefit. He is therefore not an invitee under the definition of invitee contained in Section 332 of the Restatement. The record also demonstrates that the Kinneys did not "throw open" their premises to the public in such a way as would imply a warranty of safety. The Kinneys took no steps to encourage general attendance by some undefined portion of the public; they invited only church members who signed up at church. They did nothing more than give permission to a limited class of persons—church members—to enter their property.

Mr. Carter's response to the Kinneys' motion for summary judgment includes Mr. Carter's affidavit in which he says that he did not intend to socialize with the Kinneys and that the Kinneys would obtain an intangible benefit, albeit mutual, from Mr. Carter's participation in the class. Mr. Carter's affidavit attempts to create an issue of fact for the purpose of defeating summary judgment. But taking Mr. Carter's statement of the facts as true in all respects, he argues a factual distinction that has no meaning under Missouri law. Human intercourse and the intangible benefits of sharing one's property with others for a mutual purpose are hallmarks of a licensee's permission to enter. Mr. Carter's factual argument makes the legal point he wishes to avoid: his invitation is not of the sort that makes an invitee. He is a licensee.

The trial court concluded as a matter of law that Mr. Carter was a licensee, that the Kinneys had no duty to protect him from unknown dangerous conditions, and that the defendants were entitled to summary judgment as a matter of law. In that conclusion, the trial court was eminently correct.

### C.

The Carters next argue that this Court should abolish the distinction between licensees and invitees and hold all possessors to a standard of reasonable care under the circumstances. They argue that the current system that recognizes a lower standard of care for licensees than invitees is arbitrary and denies deserving plaintiffs compensation for their injuries. *See Mounsey v. Ellard,* 363 Mass. 693, 297 N.E.2d 43, 52 (1973) (Abolition of the licensee/invitee distinction in favor of a duty of reasonable care in all circumstances "prevents the plaintiff's status as licensee or invitee from being the sole determinative factor in assessing the occupier's liability.") The Carters note that twenty states [3] have abolished the distinction since

---

**2.** Section 332 defines an "invitee" as "a person who is invited to enter or remain on land for a purpose directly or indirectly connected with business dealings with the possessor of the land."

**3.** Nine states have abolished only the licensee-invitee distinction and retained the distinction regarding trespassers: *Wood v. Camp,* 284 So.2d 691, 695 (Fla.1973); *Jones v. Hansen,* 254 Kan. 499, 867 P.2d 303, 310 (1994); *Poulin v. Colby College,* 402 A.2d 846, 850 (Me.1979); *Mounsey v. Ellard,* 363 Mass. 693, 297 N.E.2d 43, 51 (1973); *Peterson v. Balach,* 294 Minn. 161, 199 N.W.2d 639, 642 (1972); *Ford v. Board of County Commissioners,* 118 N.M. 134, 879 P.2d 766, 771 (1994); *O'Leary v. Coenen,* 251 N.W.2d 746, 751 (N.D.1977); *Hudson v. Gaitan,* 675 S.W.2d 699, 703 (Tenn.1984); and *Antoniewicz v. Reszcynski,* 70 Wis.2d 836, 236 N.W.2d 1, 11 (1975). The rest abolished all distinctions: *Webb v. Sitka,* 561

P.2d 731, 733 (Alaska 1977); *Rowland v. Christian,* 69 Cal.2d 108, 70 Cal.Rptr. 97, 104, 443 P.2d 561, 568 (1968); *Mile High Fence Co. v. Radovich,* 175 Colo. 537, 489 P.2d 308, 311 (1971); *Smith v. Arbaugh's Restaurant,* 469 F.2d 97, 100 (D.C.Cir.1972), *cert. denied,* 412 U.S. 939, 93 S.Ct. 2774, 37 L.Ed.2d 399 (1973); *Pickard v. Honolulu,* 51 Haw. 134, 452 P.2d 445, 446 (1969); *Cates v. Beauregard Elec. Coop., Inc.,* 328 So.2d 367, 371 (La.), *cert. denied,* 429 U.S. 833, 97 S.Ct. 97, 50 L.Ed.2d 98 (1976); *Limberhand v. Big Ditch Co.,* 218 Mont. 132, 706 P.2d 491, 496 (1985); *Ouellette v. Blanchard,* 116 N.H. 552, 364 A.2d 631, 634 (1976); *Basso v. Miller,* 40 N.Y.2d 233, 386 N.Y.S.2d 564, 567–69, 352 N.E.2d 868, 872–73 (1976); and *Mariorenzi v. Joseph Di Ponte, Inc.,* 114 R.I. 294, 333 A.2d 127, 133 (1975).

Illinois eliminated the distinctions by statute in 1983. *The Premises Liability Act,* 740 Ill. Com-

1968 and encourage Missouri to join this "trend."

The Kinneys claim that the trend is little more than a fad. They note that twelve states [4] have expressly rejected the abolition of the distinction since the "trend" began in 1968 and that the remaining eighteen states, including Missouri, have not directly addressed the issue and maintain the common law distinctions.

We are not persuaded that the licensee/invitee distinction no longer serves. The possessor's intentions in issuing the invitation determine not only the status of the entrant but the possessor's duty of care to that entrant. The contours of the legal relationship that results from the possessor's invitation reflect a careful and patient effort by courts over time to balance the interests of persons injured by conditions of land against the interests of possessors of land to enjoy and employ their land for the purposes they wish. Moreover, and despite the exceptions courts have developed to the general rules, the maintenance of the distinction between licensee and invitee creates fairly predictable rules within which entrants and possessors can determine appropriate conduct and juries can assess liability. To abandon the careful work of generations for an amorphous "reasonable care under the circumstances" standard seems—to put it kindly—improvident.

Though six states have abolished the distinction between licensee and invitee since Professor Keeton penned his words, he speculates that the failure of more states to join the "trend"

> may reflect a more fundamental dissatisfaction with certain developments in accident law that accelerated during the 1960's—reduction of whole systems of legal principles to a single, perhaps simplistic, standard of reasonable care, the sometimes blind subordination of other legitimate social objectives to the goals of accident prevention and compensation, and the commensurate shifting of the balance of power to the jury from the judge. At least it appears that the courts are ... acquiring a more healthy skepticism toward invitations to jettison years of developed jurisprudence in favor of beguiling legal panacea.

W.P. Keeton, Prosser and Keeton on the Law of Torts, § 62 (1984).

We remain among the healthy skeptics. The experience of the states that have abolished the distinction between licensee and invitee does not convince us that their idea is a better one. Indeed, we are convinced that they have chosen wrongly.

## III.

The judgment of the trial court is affirmed.

COVINGTON, C.J., and HOLSTEIN, BENTON, THOMAS, and LIMBAUGH, JJ., concur.

PRICE, J., concurs in result.

---

piled Stat.Ann. 130/2 (1994). In 1990, the Colorado Legislature reinstated the distinctions. *See Lawson v. Safeway, Inc.*, 878 P.2d 127, 129 (Colo. Ct.App.1994). In *Tantimonico v. Allendale Mut. Ins. Co.*, 637 A.2d 1056, 1062 (R.I.1994), the Supreme Court of Rhode Island restored the trespasser classification originally eliminated in *Mariorenzi, supra.*

**4.** *McMullan v. Butler*, 346 So.2d 950, 951 (Ala. 1977); *Baldwin v. Mosley*, 295 Ark. 285, 748 S.W.2d 146, 147 (1988); *Morin v. Bell Court Condominium Ass'n, Inc.*, 223 Conn. 323, 612 A.2d 1197, 1201 (1992); *Bailey v. Pennington*, 406 A.2d 44, 47–48 (Del.1979), *appeal dismissed,*

444 U.S. 1061, 100 S.Ct. 1000, 62 L.Ed.2d 744 (1980); *Mooney v. Robinson*, 93 Idaho 676, 678, 471 P.2d 63, 65 (1970); *Kirschner v. Louisville Gas & Elec. Co.*, 743 S.W.2d 840, 844 (Ky.1988); *Astleford v. Milner Enterprises, Inc.*, 233 So.2d 524, 525 (Miss.1970); *Di Gildo v. Caponi*, 18 Ohio St.2d 125, 130–31, 247 N.E.2d 732, 736 (1969); *Sutherland v. Saint Francis Hosp., Inc.*, 595 P.2d 780, 782 (Okla.1979); *Tjas v. Proctor*, 591 P.2d 438, 441 (Utah 1979); *Younce v. Ferguson*, 106 Wash.2d 658, 724 P.2d 991, 995 (1986); and *Yalowizer v. Husky Oil Co.*, 629 P.2d 465, 469 (Wyo.1981).