Gary ANDERSON, Appellant,

v.

Catherine ACCURSO, Respondent.

No. WD 50395.

Missouri Court of Appeals,
Western District.

June 20, 1995.

---

Douglas R. Horn, Independence, for appellant.

John G. Schultz and Bradley C. Nielsen, Kansas City, for respondent.

Before FENNER, C.J., and
BRECKENRIDGE and SPINDEN, JJ.

BRECKENRIDGE, Judge.

Gary Anderson appeals from a summary judgment in his negligence action. Mr. Anderson contends that the trial court erred in granting summary judgment because there are questions of fact regarding whether he was on Catherine Accurso's property as an invitee or as a licensee, and regarding Ms. Accurso's knowledge of the condition of the deck where Mr. Anderson was allegedly injured.

The judgment of the trial court is affirmed.

On October 24, 1991, Mr. Anderson was employed as an investigator for AA Collateral Recovery. His responsibilities included locating people who owed money on loans, and repossessing automobiles and other vehicles used as collateral to secure those loans. On that date, Mr. Anderson went to Ms. Accurso's house looking for her husband, Ken Deffenbaugh.

Mr. Anderson found Mr. Deffenbaugh in the back yard of the property. Mr. Anderson explained the nature of his visit, stating that he was there to collect the collateral or to make arrangements for Mr. Deffenbaugh to take care of the problem with the bank. According to Mr. Anderson's deposition testimony, Deffenbaugh "agreed to take care of the problem by going into the house and calling the bank."

Mr. Anderson followed Mr. Deffenbaugh toward the wooden deck which led to the door of the house. In his deposition, Mr. Anderson stated that the deck looked like it was saturated with water, and he was concerned about its condition. However, his concern was somewhat alleviated when he saw Mr. Deffenbaugh proceed up the steps ahead of him, and Mr. Anderson assumed that it was safe to walk onto the deck. Mr. Deffenbaugh proceeded across the deck to the sliding glass door leading into the house. As Mr. Anderson followed, a board in the deck broke and Mr. Anderson's foot fell through the resulting hole. Mr. Anderson sustained injuries to his knees and legs as a result of the fall.

Mr. Anderson subsequently filed a petition for damages, alleging that Ms. Accurso had failed to use ordinary care to discover and repair defects in the deck, and that she had failed to warn him about the dangerous condition of the deck. Ms. Accurso then filed a motion for summary judgment. Ms. Accurso asserted that Mr. Anderson was on her property as a licensee and, therefore, she was not liable because she did not have actual knowledge of the defective condition of the deck. The motion further alleged that, even if Mr. Anderson were an invitee, she did not breach her duty of care towards him because she had neither actual nor constructive knowledge of the condition of the deck. Ms. Accurso's motion for summary judgment was sustained by the trial court.

On appeal, Mr. Anderson claims that there remain genuine issues of material fact regarding whether he was a licensee or an invitee, and regarding Ms. Accurso's knowledge of the condition of the deck. Therefore, he argues, summary judgment was improper in the case at bar.

■ The trial court's order of summary judgment will be affirmed on appeal when the pleadings, depositions, and admissions on file, together with the affidavits, if any, establish that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. *Stubbs v. Panek*, 829 S.W.2d 544, 546 (Mo.App.1992). This court, in reviewing the trial court's order of summary judgment, will consider the record in the light most favorable to the party against whom judgment was entered and afford that party all reasonable inferences which may be drawn from the evidence. *ITT Commercial Finance v. Mid–Am. Marine*, 854 S.W.2d 371, 376 (Mo. banc 1993).

■ Under Missouri law, the duty of care owed a visitor by an owner or possessor of land is governed by the status of the visitor as invitee, licensee, or trespasser. *Carter v. Kinney*, 896 S.W.2d 926, 927 n. 1 (Mo. banc 1995). A trespasser is one who enters without consent or privilege, and a possessor or owner of land owes a trespasser no duty of care. *Id.*, at 928. *Seward v. Terminal R.R. Assn.*, 854 S.W.2d 426, 428 (Mo. banc 1993). A licensee is one who enters with consent but for his or her own purposes, and a possessor or owner of land owes a licensee the duty to make safe dangers of which the possessor or owner is aware. *Carter*, 896 S.W.2d at 928.

■ "An invitee 'is a person who is invited to enter or remain on land for a purpose directly or indirectly connected with business dealings with the possessor of the land.'" *Harris v. Niehaus*, 857 S.W.2d 222, 225 (Mo. banc 1993) (citing Restatement (Second) of Torts, § 332 (1965)). An entrant becomes an invitee when the possessor or owner of land invites him or her to enter or remain on the premises with the expectation of a material benefit. *Carter*, 896 S.W.2d at 928–29. A possessor or owner of land owes an invitee the duty to use reasonable care to protect the invitee against both known dangers and those that would be revealed by inspection. *Id.*, at 928.

■ In a premises liability case, when the facts surrounding the status of a visitor are not in dispute, the determination of whether the visitor is an invitee or a licensee is a question of law. *Id.*, at 927–28. Such is the case here. It is undisputed that Mr. Anderson entered Ms. Accurso's property in his capacity as a collateral recovery investigator. In his deposition, Mr. Anderson indicated that he had gone there with the purpose of either repossessing Mr. Deffenbaugh's vehicle or getting Mr. Deffenbaugh to pay money which he owed a bank. In either case, Mr. Anderson was not invited to enter or remain on the property with the expectation of a material benefit to Ms. Accurso.

Also, Mr. Anderson was not on Ms. Accurso's property for a "purpose directly or indirectly connected with business dealings with the possessor of the land." Comment e to § 332 of the Restatement (Second) of Torts defines this class of invitees to be those who come upon land "for a purpose connected with business *which the possessor conducts upon the land,* or for a purpose connected with their own business which is connected with any purpose, business or otherwise, *for which the possessor uses the land.*" Mr. Anderson was on the property in connection with an automobile used as collateral in a loan to Mr. Deffenbaugh, and his purpose was not connected to a use of, or business conducted upon, the land. Therefore, under Missouri law, Mr. Anderson was a licensee, not an invitee.[1]

As Ms. Accurso notes in her brief on appeal, there is no indication from the record that Mr. Deffenbaugh invited Mr. Anderson into the house. Instead, Mr. Anderson's own deposition testimony suggests that he followed Mr. Deffenbaugh unbidden across the porch. But even if Mr. Deffenbaugh expressly invited Mr. Anderson into the house,

---

1. There are no Missouri cases which discuss the status of a collateral recovery agent as either an invitee or licensee. However, this court's conclusion that Mr. Anderson was a licensee finds support in *Miller & Long Co. v. Shaw*, 204 A.2d 697, 701 (D.C.App.1964), in which the court held that where a plaintiff went to the defendant's property for the purpose of ascertaining the defendant's correct address so that the plaintiff's employer could properly bill the defendant, the plaintiff was (in the absence of a factual dispute) a licensee as a matter of law.

such an act would not change Mr. Anderson's status as a licensee because the invitation was not tendered with a motive of material benefit, and therefore the invitation would not render a visitor an invitee for the purposes of premises liability law. *Carter,* 896 S.W.2d at 928–29.

■ A defendant may establish a right to summary judgment by showing facts that negate any one of the claimant's elements or by showing that the claimant has not and will not produce sufficient evidence to allow a trier of fact to find the existence of any one of the elements. *ITT,* 854 S.W.2d at 381. Once the movant has made such a showing, the burden shifts to the non-movant, who must offer a response—by affidavit, depositions, answers to interrogatories, or admissions on file—which sets forth specific facts showing that there is a genuine issue for trial. Rule 74.04(e); *ITT,* 854 S.W.2d at 381.

■ In the case at bar, Ms. Accurso presented facts which contradicted the allegation that she had knowledge of the defective condition of the deck, and such knowledge is an essential element of premises liability where the injured party is a licensee. Mr. Anderson made no response setting forth specific facts showing that there was a genuine issue of material fact concerning Ms. Accurso's knowledge of the condition of the deck. When the non-movant fails to respond by setting forth such facts, the movant is entitled to summary judgment. *State ex rel. Anheuser–Busch v. Mummert,* 887 S.W.2d 736, 739 (Mo.App.1994).

The judgment of the trial court is affirmed.

All concur.