4 F.Supp.2d 872 (1998)
Andy J. ROTTER, Plaintiff,
v.
UNION PACIFIC RAILROAD COMPANY, Missouri Pacific Railroad Company, Defendants.
No. 4:96CV01979 ERW.
United States District Court, E.D. Missouri, Eastern Division.
April 3, 1998.
David G. Edwards, Jefferson City, MO, for Andy J. Rotter.
Michael M. Godsy, Nicole Alexander, Thompson Coburn, Nicholas J. Lamb, Partner, Thompson Coburn, John P. Lord, III, *873 Union Pacific Railroad Company, St. Louis, MO, for Union Pacific Railroad Co. and Missouri Pacific Railroad Co.
Kelly Mescher, University of Missouri, Columbia, MO, for Custodian of Records of Boas, Schneider and Walsh, University of Missouri-Columbia Hospital & Clinics, Movant.

MEMORANDUM AND ORDER
WEBBER, District Judge.
This matter is before the Court upon defendants' motion for summary judgment [document # 33].
Prior to reaching the merits of the motion, the Court finds it necessary to discuss the procedural history of the case. On November 6, 1997, the Court held a motion hearing in chambers on defendants' motion for sanctions. At that time, plaintiff had ignored or disregarded the following discovery deadlines: responding to interrogatories; responding to requests for production of documents; making disclosures pursuant to Rule 26(a)(1) or disclosing expert witnesses as ordered by the Court's Case Management Order; and ignoring this Court's Order Referring Case to Alternative Dispute Resolution. In fact, plaintiff did not respond to the motion for sanctions or the accompanying motions to compel prior to arriving at the hearing. After the hearing, plaintiff's counsel indicated his intention to be compliant of all further deadlines. However, after defendants filed their motion for summary judgment, plaintiff's time to respond expired, and when the response came in 10 days after the time to respond had passed, the court denied plaintiff leave to file the response out of time.
The Court will now address defendants' motion. Plaintiff initiated his claims against defendants Union Pacific Railroad Company (Union Pacific) and Missouri Pacific Railroad Company (Missouri Pacific) alleging that injuries he suffered on August 31, 1991, in Jefferson City, Missouri were the result of negligence by Union Pacific. Plaintiff's injuries occurred at approximately 2:00 a .m. on August 31, 1991, 369 feet from the Harrison Street Crossing inside the Union Pacific switching yard in Jefferson City. Plaintiff was attempting to cross through a train by climbing over the connector between two cars when he fell and was run over by the train. Plaintiff's legs were amputated below the knee by the rolling wheels of the train.
On Saturday afternoon, August 30, 1991, plaintiff went fishing with a friend at the boat landing a few blocks from his home. Plaintiff began fishing sometime between 3:00 and 5:00 p.m. At the time he was fishing, plaintiff and his friend had a cooler with a case of beer. Plaintiff's friend left the fishing area at 6:00 p.m., and plaintiff was joined by two other men who stayed there with him until 2:00 a.m. when he was injured. Plaintiff admits that he was injured after "slamming" five or six beers in twenty to thirty minutes. Plaintiff claims he became frustrated because the trains at the switching yard were blocking his path and that he was "required" and "obliged" to cut through trains that were blocking the crossing. Plaintiff alleges the trains were violating a local ordinance by blocking the railroad crossing for more than five minutes. However, plaintiff was not injured at the crossing, he was injured over 360 feet from the crossing and he admits that he cannot remember where the accident occurred.
The standards applicable to summary judgment motions are well settled. Pursuant to Federal Rule of Civil Procedure 56(c), a court may grant a motion for summary judgment if all of the information before the court shows "there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." See Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).
The initial burden is placed on the moving party. City of Mt. Pleasant, Iowa v. Associated Elec. Co-op., Inc., 838 F.2d 268, 273 (8th Cir.1988) (the moving party has the burden of clearly establishing the non-existence of any genuine issue of fact that is material to a judgment in its favor). Once this burden is discharged, if the record does in fact bear out that no genuine dispute exists, the burden then shifts to the non-moving party who must set forth affirmative evidence and specific facts showing there is a genuine dispute on that issue. Anderson v. Liberty Lobby, *874 Inc., 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).
Once the burden shifts, the non-moving party may not rest on the allegations in his pleadings, but by affidavit or other evidence must set forth specific facts showing that a genuine issue of material fact exists. Fed. R.Civ.P. 56(e). The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).
This Court is required to view the facts in a light most favorable to the non-moving party, and must give the non-moving party the benefit of any inferences that can logically be drawn from those facts. Matsushita, 475 U.S. at 587, 106 S.Ct. 1348; Buller v. Buechler, 706 F.2d 844, 846 (8th Cir.1983). Moreover, this Court is required to resolve all conflicts in favor of the non-moving party. Robert Johnson Grain Co. v. Chemical Interchange Co., 541 F.2d 207, 210 (8th Cir.1976). The trial court may not consider the credibility of the witnesses or the weight of the evidence. White v. Pence, 961 F.2d 776, 779 (8th Cir.1992).
Plaintiff alleges that Union Pacific was negligent per se because it violated a municipal ordinance by blocking the Harrison Street crossing for more than five minutes. However, defendants argue that the municipal ordinance plaintiff cites is preempted by the Federal Railroad Safety Act of 1970 (FRSA), 49 U.S.C. § 20101 et seq. Congress intended the FRSA to preempt all other law related to railway safety, except for certain state enactments. CSX Transportation, Inc. v. City of Plymouth, Michigan, 86 F.3d 626, 628 (6th Cir.1996). This Court agrees with the opinion in Norfolk & Western Railway Co. v. City of Oregon, Case No. 3:96CV7695 (N.D. OH May 26, 1997), and finds that the Jefferson City ordinance would affect railroad safety and is therefore preempted by the FRSA. Therefore, defendants had no duty to comply with the ordinance as a matter of federal law, and cannot be liable to plaintiff on this theory.
Next, plaintiff attempts to establish negligence liability against defendants under Missouri common law. Plaintiff asserts that defendants owed him a duty to provide a flagman or warn him that they were blocking the tracks, provide him a suspended crosswalk or other means to pass by the train, and that they owed him a duty to not block the railroad tracks. However, after a brief review of the facts and the law, it is clear that plaintiff's claims must fail.
The duty a landowner in Missouri owes an entrant upon its land is determined by the status of that entrant. Carter v. Kinney, 896 S.W.2d 926, 928 (Mo.1995). It is undisputed that defendants did not give plaintiff permission to enter the railyard or to climb aboard a train. "All entrants to land are trespassers until the possessor of the land gives them permission to enter." Id. The undisputed facts show that plaintiff was not at a public crossing at the time of the accident, instead he was more than 300 feet from it, well inside the private land of defendants' railyard. Defendants' duty to plaintiff can only rise to the level that the law affords a trespasser.
The general rule is that a landowner owes no duty to a trespasser, because the landowner cannot foresee their presence on the land. Seward v. Terminal R.R. Ass'n, 854 S.W.2d 426, 428 (Mo.1993). It is undisputed that defendants did not know that plaintiff was on the premises, therefore plaintiff was an unknown trespasser, and was owed no duty. See McVicar v. W.R. Arthur & Co., 312 S.W.2d 805, 812 (Mo.1958). Plaintiff's common law claims for breach of defendants' duty of care must fail.
Finally, defendants point out that the Missouri Legislature has afforded property owners protection from intoxicated trespassers who enter their land. See Mo.Rev.Stat. § 537.349. The statute provides that an landowner shall not be liable for the death or injury of a trespasser upon the property that is the result of the trespass "if the faculties of such trespasser are substantially impaired by alcohol or the illegal influence of a controlled substance." Id. By plaintiff's own admission, he guzzled five or six beers in the *875 half hour before the accident, and two separate tests for blood-alcohol level found plaintiff to be well over the legal limit. This Court finds that defendants owed no duty to plaintiff because plaintiff was substantially impaired by alcohol. For all the forgoing reasons, defendants are entitled to judgment as a matter of law on all plaintiff's claims.
Accordingly,
IT IS HEREBY ORDERED that defendants' motion for summary judgment [document # 33] is GRANTED.